**Ex parte Oscar CALVILLO AMAYA a/k/a Oscar Calvillo.**

**No. C–6873.**

Supreme Court of Texas.

April 6, 1988.

Robert E. Golden, and Charles M. Jefferson, Smith, Barshop, Stoffer & Millsap, Inc., San Antonio, for relator.

Tom Fleming, Brownsville, for respondent.

OPINION

RAY, Justice.

This is an original habeas corpus proceeding brought by Relator, Oscar Calvillo Amaya, seeking release from the custody of the Sheriff of Cameron County from a commitment order of the 103rd Judicial District Court. The commitment order was verbally delivered on Friday, October 2, 1987 at 5:15 p.m. and formally signed on Monday, October 5, 1987. The court held relator in constructive contempt for violating a previous judgment of that court, ordering him to turn over to a corporate receiver certain equipment located in Mexico.

Since it is well settled in this state that a person may not be imprisoned for contempt without a written order of commitment, we hold that a trial court has no authority to verbally order a person confined for contemptuous acts committed outside the presence of the court and, thereafter, unduly delay signing a contempt judgment and commitment order. *See Ex Parte Spencer*, 508 S.W.2d 698, 699 (Tex. Civ.App.—Texarkana 1974, no writ). A commitment is a warrant, order or process by which a court or magistrate directs a ministerial officer to take a person to jail or to prison and to detain him there. In order to satisfy due process requirements, both a written judgment of contempt and a writ-

ten commitment order are necessary to imprison a person for civil constructive contempt of court. *Ex Parte Puckitt,* 159 Tex. 438, 322 S.W.2d 597 (1959); *Ex Parte Barnett,* 600 S.W.2d 252, 256 (Tex.1980). An arrest without a written commitment made for the purpose of enforcing a contempt judgment is an illegal restraint from which the prisoner is entitled to be relieved. *Ex Parte Puckitt,* 322 S.W.2d at 597.

 The trial court may cause a contemnor to be detained by the sheriff or other officer for a short and reasonable time while the judgment of contempt and the order of commitment are being prepared for the judge's signature. *Ex Parte Barnett,* 600 S.W.2d at 257. We hold that a three-day delay is not a "short and reasonable time" while the documents are being prepared for signature.

To hold otherwise would allow the trial court to place a person in jail indefinitely without any method for the prisoner to obtain his release by purging himself of the contempt and perhaps, without knowledge of why he was being held in contempt. Such proceedings would be in violation of due process. *See Ex Parte Spencer,* 508 S.W.2d at 700. In view of our holding, it is unnecessary to consider relator's remaining points of error.

We hold that the order in the instant case violates due process and the relator is ordered discharged from custody under the commitment order issued by the 103rd Judicial District in Cameron County.

CULVER, J., files a concurring opinion in which SPEARS, J., joins.

CULVER, Justice, concurring.

I respectfully disagree with the reasoning expressed by the majority in this case. The record clearly shows that the relator Oscar Calvillo Amaya, a/k/a Oscar Calvillo was held in constructive contempt for violating a previous order of the 103rd Judicial District Court.

As so often happens, the hearing concluded late on a Friday afternoon. The ruling of contempt was verbally delivered at 5:15 P.M., October 2, 1987. Relator did not go to jail. He was released on bond. Relator has not to this day been imprisoned as a result of this case. The commitment order was formally signed on the following Monday, October 5, 1987.

I concur in the conclusions reached in the majority opinion that a contemnor may only be detained for a "short and reasonable" time while the judgment of contempt and the order of commitment are being prepared for the judge's signature. If relator had spent three days in jail waiting for the orders to be signed, a different conclusion might be reached.

If a "short and reasonable" time to prepare and submit the orders to the judge is the same day that the order is verbally rendered, or the next business day, or some other time certain, the rules or statutes should be amended to define the outer limits of "short and reasonable" time.

Until the rules are changed, a conscientious judge could have fill-in-the-blank orders at the bench to avoid delays, and attorneys seeking to have someone held in contempt of court could bring to the hearing orders holding relator in contempt and for commitment of relator. The judge can fill in the blanks about how much fine, jail time or both are ordered.

Under the facts of this case, I would say that the signing of the orders on the next business day meets the "short and reasonable" time test, especially since relator was out on bond. The habeas should be denied on this point.

However, the order is ambiguous in that relator was ordered to turn over to the receiver certain corporate assets in his possession. He turned an automobile over to the receiver. The remaining eleven pieces of equipment are in Mexico, not in relator's "possession."

To be enforceable, an order of contempt must be clear and unambiguous. The order of contempt should be vacated and relator discharged.

SPEARS, J., joins in this concurring opinion.