David Lee McGee, Robert J. Gonzalez, Corpus Christi, for appellee.

Before DORSEY, KENNEDY and HINOJOSA, JJ.

**Ex parte Luis M. CADENA, Relator.**

**No. 13–91–302–CV.**

Court of Appeals of Texas, Corpus Christi.

June 18, 1991.

## OPINION

DORSEY, Justice.

Relator, Luis M. Cadena, filed a petition for writ of habeas corpus seeking release from jail. He was found in contempt of court for failing to pay court-ordered child support. We granted the writ and ordered relator released on bond pending resolution of the matter on its merits.

The trial court found relator in contempt on May 10, 1991, and issued a written order of contempt. That order recites that relator failed to timely pay child support amounts due in accordance with a previous order of the court. The total amount of the arrearages, including credits, was found to be $1,275.00 plus $700.00 in petitioner's attorney's fees. The trial court assessed relator fifteen days' confinement in the Nueces County Jail and thereafter until he "purges himself of the contempt payment of $1975.00." No written commitment order was included in or accompanied the trial court's order of contempt. In

spite of the absence of a commitment order, relator was confined in the Nueces County Jail from May 10, 1991, until this court ordered his release on May 31, 1991.

■ It is fundamental law in this state that one may not be imprisoned for contempt without both a written order of contempt and a written order of commitment. *Ex parte Amaya*, 748 S.W.2d 224, 225 (Tex.1988). A commitment is a warrant, order or process by which the trial court directs a sheriff or other officer to apprehend and imprison a person for civil contempt of court. *Id.* An arrest without a written commitment made for the purpose of enforcing a contempt judgment is an illegal restraint from which the prisoner is entitled to relief. *Ex parte Puckitt*, 159 Tex. 438, 322 S.W.2d 597 (1959).

■ Although the contemnor may be detained for a short and reasonable time while the judgment of contempt and the order of commitment are being prepared, a period of three days has been held to be too long to be reasonable. *Ex parte Amaya*, 748 S.W.2d at 225. Here, relator was detained approximately twenty-one days before we granted the writ and ordered his release, and the commitment order had not yet been issued. The restraint was without due process and was unlawful. *Id.*

■ Seven days after this court issued its writ of habeas corpus, the court below signed an order entitled *nunc pro tunc* that attempted to modify the initial order of contempt and included an order of commitment. As the initial imprisonment of relator was illegal, the court below cannot cure its denial of due process by entering a written commitment order after this court has exercised its jurisdiction by issuing the writ of habeas corpus. *See Ex parte Barnett*, 600 S.W.2d 252, 253 (Tex.1980).

Accordingly, we order relator DISCHARGED.