In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-138 CV


____________________



IN RE BYRON ANTHONY SHEARD






Original Proceeding






OPINION


 This is an original proceeding in habeas corpus arising out of enforcement
proceedings in a suit affecting the parent-child relationship. 

 On January 15, 2003, Lisa Renee Sheard filed a motion to enforce a child support
order. On the same day, the trial court entered a temporary restraining order, which
related to the proceeds from a personal injury settlement, and scheduled a temporary
injunction hearing for January 22, 2003. A temporary injunction issued on January 22,
after the relator failed to appear at the hearing. Also on January 15, the trial court ordered
Byron Anthony Sheard to appear in court on February 4, 2003, for a hearing on the motion
to enforce the child support order. The parties agree that the relator personally appeared
before the trial court on February 4. On that day, the trial court reset the hearing for
February 11, 2003. The relator appeared, pro se, at the February 11 hearing. 
Pronouncing its judgment from the bench, the trial court found Sheard to be in contempt
of the child support order, ordered Sheard to serve six months in jail as punishment for the
contempt, suspended the sentence, and placed Sheard on community supervision for ten
years. (1) It appears that judgment has not been reduced to a written judgment; the clerk's
record filed in this case includes neither a judgment of contempt nor a community
supervision order. In open court, the trial court ordered Sheard to remain in the
courtroom and meet with the probation officer. Sheard disobeyed the court by leaving. 
According to Lisa Sheard, that is the act of direct contempt for which the relator is
presently confined. 

 On February 21, 2003, the trial court issued an "Order for Capias and Setting of
Bond" that recited the following: "The Court ... finds that this matter [Movant's Motion
for Enforcement of Child Support] was duly and properly set for hearing on February 4,
2003, at 9:00 a.m. at Beaumont, Texas and that Respondent failed to appear." The order
goes on to direct the clerk of the court to issue the capias to bring Sheard to the Court to
answer the allegations of the Motion for Enforcement of Child Support, and set a $1,000
bond for release pending the hearing. This is the order referred to by the sheriff in the
certificate of confinement. 

 On March 4, 2003, Lisa Sheard filed another Motion for Enforcement, this time
complaining that Byron Sheard violated the trial court's order of January 22, 2003. The
trial court ordered the relator to appear on March 11, 2003, to respond to that motion. On
March 11, 2003, the relator appeared before the trial court. After an initial discussion of
the January 22 order, the trial court referred to the February 11 contempt ruling on the
January 15 motion and the relator's act of direct contempt on February 11. Testifying, the
relator admitted that he violated the January 22 order, explained that he received $195 but
did not turn it over to Lisa Sheard's attorney, as ordered, because "we had no food in the
house, and my electricity was about to be cutoff." The trial court stated, "I'm ready to
put him [Byron Sheard] in jail and set $3,000 cash bond and file motion to revoke
probation." The judge continued, stating, "Court is going to set - you're still under arrest
in capias. Set $3,000 cash bond pending motion hearing - on motion to revoke
probation." Sheard asked, "May I ask how long is this jail sentence for?" The judge
responded, in part "I haven't sentenced you to any jail term yet. I'm just setting a bond
because you were arrested on capias." Sheard replied, "Well, I had called Jefferson
County. And they had no warrant for my arrest or anything. I was going to turn myself
in. And nobody would take me on this. As far as going through the facility - and they
said they had no paperwork on me. There was nothing they could do." On March 11,
2003, the trial court signed an order appointing counsel to represent the relator "who is
in jail on a $3,000 cash bond." The court-appointed counsel prepared the petition for writ
of habeas corpus currently before the Court. On March 14, 2003, we ordered the relator's
release upon $500 bond. 

 The sole argument raised in the relator's brief is that the only capias in the file
issued on February 21, 2003, on an order for his arrest for failure to appear at the
February 4, 2003 hearing. Since he appeared at the February 4, 2003 hearing, Byron
Sheard argues, the trial court may not order the sheriff to confine the relator for non-appearance before the court on February 4. Lisa Sheard argues, on the other hand, that
the trial court actually ordered Sheard's arrest and confinement for leaving court on
February 11, 2003. 

 A relator is not entitled to discharge in a habeas corpus proceeding unless the
judgment ordering him confined is void either because it exceeded the court's power or
because it deprived the relator of his liberty without due process of law. In re Aguilera,
37 S.W.3d 43, 53 (Tex. App.--El Paso 2000, orig. proceeding). The issuance of a capias
is appropriate when an obligor who has been personally served fails to appear at the
enforcement hearing. Id. at 54. The Family Code expressly provides for issuance of
capias for failure to appear at a hearing. See Tex. Fam. Code Ann. §§ 157.066; 157.114
(Vernon 2002). If the respondent is arrested under Section 157.066 and not released
pending hearing, the trial court must hold the contempt hearing within five days of arrest. 
Tex. Fam. Code Ann. §§ 157.105 (Vernon 2002). In this case, however, there is no
factual dispute that the relator did appear at the February 4 hearing. Therefore, the
grounds for arrest and confinement under Section 157.066 is lacking.

 There are circumstances where an arrest may occur without a written order for
arrest. A court has general contempt power. See Tex. Gov't Code Ann. § 21.001
(Vernon Supp. 2003). An act of contempt that occurs in the presence of the court is
punishable summarily without the requirements of complaint, notice, and hearing. Ex
parte Powell, 883 S.W.2d 775, 777 (Tex. App.--Beaumont 1994, orig. proceeding). If
faced with a direct act of contempt, such as that offered by Lisa Sheard as the basis for the
relator's confinement, the trial court may cause the contemnor to be detained by the sheriff
for a short and reasonable time while the judgment of contempt and order of commitment
are being prepared for the judge's signature. Ex parte Calvillo Amaya, 748 S.W.2d 
224,225 (Tex. 1988). Thereafter, if no written order is signed, the contemnor must be
released in compliance with due process. Id. Once the exigencies of the situation in the
courtroom cease to exist, the formalities of due process prevail. See Ex parte Knable, 818
S.W.2d 811, 812-14 (Tex. Crim. App. 1991).

 In this case, however, we are faced with the indisputable fact that a written order
did lead to Byron Sheard's arrest. The February 21 order for capias stated that issuance
was due to Sheard's non-appearance on February 4. The sheriff, through his deputy,
certified that "Byron Sheard was taken into custody on March 11, 2003 in accordance with
an order dated Feb 21, 2003." The form of the order by which the court directs a
ministerial officer to take custody of a person is not important, but its substance is. Ex
parte Hernandez, 827 S.W.2d 858 (Tex.1992). Although Sheard may indeed be guilty of
acts of contempt for which he may be jailed by the trial court, the only act for which he
has thus far actually been confined by written order is an act that he simply did not
commit, i.e., failure to appear at the February 4 hearing. 

 We grant the petition for writ of habeas corpus and order the relator Byron Anthony
Sheard released from confinement and from the bond previously ordered.

 WRIT GRANTED.

 PER CURIAM



Opinion Delivered March 27, 2003 

Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. The scope of this habeas corpus proceeding is strictly limited to the legality of the
relator's confinement. Because it is not the cause of the relator's present confinement by
the sheriff of Jefferson County, we express no opinion regarding the underlying child
support enforcement action any of the trial court's actions in this case other than the order
for the arrest and confinement of the relator.