COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-200-CV

 

 

IN RE ROBERT STEVEN HOWARD                                                           

                                                    

 

 

                                              ------------

 

            FROM THE 325th
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

MEMORANDUM OPINION ON
MOTION FOR RECONSIDERATION[1]

 

                                              ------------








On June 14, 2007, Relator Robert Steven Howard
filed a petition for writ of habeas corpus seeking release from the Tarrant
County Jail.  Earlier in the day, at 9:00
a.m. on June 14th, the trial court had conducted a hearing on Real Party In
Interest Susan Howard=s motion for enforcement of a
support order.  Relator received notice
of, and appeared in person and via counsel at, the hearing.  At the conclusion of the hearing, pursuant to
a verbal order of contempt and a written order of commitment, Relator was
confined in the Tarrant County Jail for criminal contempt as a result of his
violation of five provisions set forth in a prior order entered on January 27,
2007, in Cause Number 325-319869-01.  

On the morning of June 15th, Relator filed a
supplemental petition for writ of habeas corpus with this court.  We denied Relator=s
petition on the afternoon of June 15, 2007.

Our opinion denying Relator=s
petition for writ of habeas corpus cited Rule 52.3(j)(1)(A) of the rules of
appellate procedure, which requires a certified copy of any order complained of
to be attached to an original proceeding. 
See Tex. R. App. P.
52.3(j)(1)(A).  Although Relator=s index
to his appendix indicated that Aa
certified copy of the Order for Contempt@ was
attached as Exhibit H, no document was in fact attached behind the page labeled
as Exhibit H in Relator=s appendix to his petition for
writ of habeas corpus.  Consequently, the
index to Relator=s appendix indicated that a
contempt order existed, but simply had been omitted from Relator=s
appendix.








After we issued our opinion, but still on June
15th, Relator filed a motion for reconsideration of our opinion denying his
petition for writ of habeas corpus. 
Relator=s motion for reconsideration
alleged that no contempt order had been signed but attached a proposed contempt
order that his counsel had received from counsel for Real Party In
Interest.  That order of contempt was in
fact signed by the trial court on June 15th. 








Although we deny Relator=s motion
for reconsideration, we write to address whether the June 15th order of
contemptCprovided
to us for the first time in connection with Relator=s motion
for reconsideration and signed by the trial court subsequent to Relator=s
confinement pursuant to the June 14th commitment orderCsatisfied
due process.  See Ex parte
Amaya, 748 S.W.2d 224, 225 (Tex. 1988) (orig. proceeding) (holding judgment
of contempt on which commitment order is based must be signed without undue
delay, within a Ashort and reasonable time@
following the verbal contempt order); Ex parte Barnett, 600 S.W.2d 252,
256 (Tex. 1980) (orig. proceeding) (same); In re Brown, 114 S.W.3d 7, 9
(Tex. App.CAmarillo 2003, orig. proceeding)
(same); In re Markowitz, 25 S.W.3d 1, 3 (Tex. App.CHouston
[14th Dist.] 1998, orig. proceeding)(same). 
Here, we hold that the one-day delay between Relator=s
confinement and the trial court=s entry
of the contempt order does not violate Relator=s due
process rights.  Compare Amaya,
748 S.W.2d at 225 (holding three-day delay between the relator's confinement
under a written commitment order and the signing of a contempt judgment
violated the relator's due process rights); Barnett, 600 S.W.2d at 256
(holding eighty-day delay between the relator's confinement under a written
commitment order and the signing of a contempt judgment violated the relator's
due process rights); Ex parte Morgan, 886 S.W.2d 829, 831‑32 (Tex.
App.CAmarillo
1994, orig. proceeding) (holding four‑day delay between the relator's
confinement under a written commitment order and the signing of a contempt
judgment violated the relator's due process rights); Markowitz, 25
S.W.3d at 4-5 (holding seven‑day delay between the signing of a written
commitment order and a written contempt judgment violated relator=s due
process rights).  We have not located,
and Relator has not cited, any authority that a one-day delay between a
relator's confinement under a written commitment order and the signing of a
contempt judgment violates the relator's due process rights.  The conclusion that the one-day delay here
did not violate Relator=s due process rights seems
especially apparent because Relator=s
confinement started immediately at the conclusion of the hearing on Real Party
In Interest=s motion to enforce and
immediately after the trial court had pronounced a verbal order of
constructive, criminal, punitive contempt and because the contempt order
actually signed is based on constructive, criminal, punitive contempt only.

For these reasons, we deny Relator=s motion
for reconsideration of his petition for writ of habeas corpus.[2]

SUE
WALKER

JUSTICE

 

PANEL B: DAUPHINOT,
GARDNER, and WALKER, JJ.

 








DELIVERED: June 21, 2007











[1]See Tex. R. App. P. 47.4.





[2]We have received and
considered Relator=s Notice of Supplemental
Filing and Relator=s Supplemental Argument
and Authorities and Request for Expedited Consideration.