COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-200-CV

IN RE ROBERT STEVEN HOWARD 

------------

FROM THE 325
th
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION ON MOTION FOR RECONSIDERATION
(footnote: 1)

------------

On June 14, 2007, Relator Robert Steven Howard filed a petition for writ of habeas corpus seeking release from the Tarrant County Jail.  Earlier in the day, at 9:00 a.m. on June 14th
, the trial court had conducted a hearing on Real Party In Interest Susan Howard’s motion for enforcement of a support order.  Relator received notice of, and appeared in person and via counsel at, the hearing.  At the conclusion of the hearing, pursuant to a verbal order of contempt and a written order of commitment, Relator was confined in the Tarrant County Jail for criminal contempt as a result of his violation of five provisions set forth in a prior order entered on January 27, 2007, in Cause Number 325-319869-01.  

On the morning of June 15th
, Relator filed a supplemental petition for writ of habeas corpus with this court.  We denied Relator’s petition on the afternoon of June 15, 2007.

Our opinion denying Relator’s petition for writ of habeas corpus cited Rule 52.3(j)(1)(A) of the rules of appellate procedure, which requires a certified copy of any order complained of to be attached to an original proceeding.  
See 
Tex. R. App. P.
 52.3(j)(1)(A).
  
Although Relator’s index to his appendix indicated that “a certified copy of the Order for Contempt” was attached as Exhibit H, no document was in fact attached behind the page labeled as Exhibit H in Relator’s appendix to his petition for writ of habeas corpus.  Consequently, the index to Relator’s appendix indicated that a contempt order existed, but simply had been omitted from Relator’s appendix.

After we issued our opinion, but still on June 15th, Relator filed a motion for reconsideration of our opinion denying his petition for writ of habeas corpus.  Relator’s motion for reconsideration alleged that no contempt order had been signed but attached a proposed contempt order that his counsel had received from counsel for Real Party In Interest.  That order of contempt was in fact signed by the trial court on June 15th
. 

Although we deny Relator’s motion for reconsideration, we write to address whether the June 15th
 order of contempt—provided to us for the first time in connection with Relator’s motion for reconsideration and signed by the trial court subsequent to Relator’s confinement pursuant to the June 14th
 commitment order—satisfied due process.  
See
 
Ex parte Amaya
, 748 S.W.2d 224, 225 (Tex. 1988) (orig. proceeding) (holding judgment of contempt on which commitment order is based must be signed without undue delay, within a “short and reasonable time” following the verbal contempt order); 
Ex parte Barnett
, 600 S.W.2d 252, 256 (Tex. 1980) (orig. proceeding) (same); 
In re Brown
, 114 S.W.3d 7, 9 (Tex. App.—Amarillo 2003, orig. proceeding) (same); 
In re Markowitz
, 25 S.W.3d 1, 3 (Tex. App.—Houston [14th Dist.] 1998, orig. proceeding)(same).  Here, we hold that the one-day delay between Relator’s confinement and the trial court’s entry of the contempt order does not violate Relator’s due process rights.  
Compare Amaya
, 748 S.W.2d at 225 (holding three-day delay between the relator's confinement under a written commitment order and the signing of a contempt judgment violated the relator's due process rights); 
Barnett
, 600 S.W.2d at 256 (holding eighty-day delay between the relator's confinement under a written commitment order and the signing of a contempt judgment violated the relator's due process rights); 
Ex parte Morgan
, 886 S.W.2d 829, 831-32 (Tex. App.—Amarillo 1994, orig. proceeding) (holding four-day delay between the relator's confinement under a written commitment order and the signing of a contempt judgment violated the relator's due process rights); 
Markowitz
, 25 S.W.3d at 4-5 (holding seven-day delay between the signing of a written commitment order and a written contempt judgment violated relator’s due process rights).  We have not located, and Relator has not cited, any authority that a one-day delay between a relator's confinement under a written commitment order and the signing of a contempt judgment violates the relator's due process rights.  The conclusion that the one-day delay here did not violate Relator’s due process rights seems especially apparent because Relator’s confinement started immediately at the conclusion of the hearing on Real Party In Interest’s motion to enforce and immediately after the trial court had pronounced a verbal order of constructive, criminal, punitive contempt and because the contempt order actually signed is based on constructive, criminal, punitive contempt only.

For these reasons, we deny Relator’s motion for reconsideration of his petition for writ of habeas corpus.
(footnote: 2)
 SUE WALKER

JUSTICE

PANEL B: DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED: June 21, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
We have received and considered Relator’s Notice of Supplemental Filing and Relator’s Supplemental Argument and Authorities and Request for Expedited Consideration.