Petition for Writ of Habeas Corpus Granted and Memorandum Opinion filed
May 5, 2008








Petition
for Writ of Habeas Corpus Granted and Memorandum Opinion filed May 5, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00206-CV

____________

 

IN RE ISRAEL DOMINGUEZ, SR., Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF HABEAS
CORPUS

 



 

M E M O R
A N D U M  O P I N I O N

On March
18, 2008, relator, Israel Dominguez, Sr., filed a petition for writ of habeas
corpus, claiming the orders under which he is being held are void.  See
Tex. Gov=t Code Ann. ' 22.221(d) (Vernon 2004); see also
Tex. R. App. P. 52.  On March 21, 2008, after a preliminary review of relator=s petition for writ of habeas corpus,
we ordered relator released upon his posting of a bond in the amount of $500,
pending a final determination of his petition.  Because we conclude that
relator is entitled to relief, we grant his petition for writ of habeas corpus,
order relator released from the bond set by this court on March 21, 2008, and
order him discharged from custody. 








                                                                   Background

On March
6, 1992, relator was found to be the biological father of Israel Dominguez,
Jr., who was born on August 13, 1986.  Relator was ordered to pay real party in
interest, Sandy Garza, the child=s mother, child support in the amount
of $402.05 per month.  On February 15, 1996, respondent, the Honorable Bonnie
Crane Hellums, signed a contempt order for failure to pay court-ordered child
support.  Hellums sentenced relator to 30 days in Harris County Jail, but
suspended the commitment as long as relator complied with certain enumerated
conditions.  

On
October 13, 2005, when relator failed to appear at a compliance hearing,
Hellums signed an order for capias for relator=s arrest.  On October 21, 2007,
relator was arrested on the outstanding capias.  On October 23, 2007, Associate
Judge Leta Parks held a contempt hearing.  At the hearing, Judge Parks informed
relator that if he could not afford to hire an attorney, one would be appointed
for him.  Relator responded that a family member was going to hire an attorney
for him, and he believed an attorney could be hired in a week.  The contempt
hearing was reset for October 30, 2007. 

At the
October 30, 2007 hearing, attorney Jonathan Cox informed Hellums that relator=s mother had retained him that
morning.  When relator=s mother talked to Cox the previous Friday, she did not tell
him a hearing had been set.  She initially told Cox that it was a criminal
matter, and he expected to attend a status conference.  After reviewing the
court=s file, Cox declined to represent
relator.  

Hellums
then announced that the hearing would go forward because AMr. Dominguez was advised that if he
appeared today without counsel, that he would be going forward by himself.@  On October 30, 2007, Hellums signed
an order revoking suspension of commitment and for commitment in Harris County
Jail Ain accordance with this Order or
until [relator] is otherwise legally discharged.@








On March
5, 2008,[1] Hellums held
a hearing on an amended motion for enforcement by contempt for failure to pay
child support.  Hellums found relator guilty of contempt and sentenced him to
180 days incarceration for each of the 32 times he did not pay monthly child
support, to be served consecutively (approximately 152 years).  Hellums also found
arrearage in the amount of $69,956.20.  On March 7, 2008, Hellums signed an
order for contempt, commitment, and unpaid child support.  

                                                            Standard
of Review

The
purpose of a writ of habeas corpus is not to determine the guilt or innocence
of the contemnor, but to determine whether he was afforded due process of law
or if the order of contempt is void.  Ex parte Gordon, 584 S.W.2d 686,
688 (Tex. 1979).  A writ of habeas corpus will be issued if the order
underlying the contempt is void, or if the contempt order itself is void.  Ex
parte Shaffer, 649 S.W.2d 300, 302 (Tex. 1983); Gordon, 584 S.W.2d
at 688.  An order is void if it is beyond the power of the court to enter it or
if it deprives the relator of liberty without due process of law.  In re
Markowitz, 25 S.W.3d 1, 3 (Tex. App.CHouston [14th Dist.] 1998, orig.
proceeding).  

                     October
30, 2007 Order Revoking Suspension of Commitment








In his
first issue, relator claims that his due process rights were violated when
Hellums incarcerated him at the October 30, 2007 hearing to revoke his
suspension of commitment without first requiring him to make a knowing and
intelligent waiver of his right to counsel on the record.  Section 157.163 of
the Texas Family Code provides that the trial court must inform a respondent of
his right to an attorney at a contempt hearing when incarceration is a possible
result.  Tex. Fam. Code Ann. ' 157.163 (Vernon 2002).[2] 
A trial court=s failure to admonish a respondent of his right to counsel under section
157.163 of the Family Code renders the commitment void.  Ex parte Acker,
949 S.W.2d 314, 316 (Tex. 1997); Ex parte Keene, 909 S.W.2d 507, 508
(Tex. 1995) (per curiam); Ex parte Gunther, 758 S.W.2d 226, 227 (Tex.
1988) (per curiam).  

The
October 30, 2007 order revoking suspension of commitment and for commitment in
Harris County jail recites that the court complied with section 157.163:

ISRAEL DOMINGUEZ, SR., hereafter called ARespondent/Obligor,@ appeared in person,   T   and proceeded pro se, after the court complied
with Section 157.163 of the Texas Family Code.

However,
our review of the record persuades us otherwise.  After the attorney relator=s mother attempted to hire declined
to represent relator at the October 30, 2007 hearing, Hellums announced that
the hearing would go forward because Judge Parks had read relator his rights at
the October 23, 2007 hearing; and relator had Abeen given an opportunity [to obtain
counsel] and chose not to and he was advised that if he shows up today without
counsel, we=re going forward.@  When Hellums asked whether he was prepared to go forward
with the hearing, relator responded, AI have to Judge.  I have no choice.@ 








Even if
Judge Parks had admonished relator of his right to counsel on October 23, 2007,
such admonishment does not constitute relator=s knowing waiver of his right to
counsel at the October 30, 2007 hearing under the facts presented here.  While
relator was subject to possible further incarceration as a result of the
October 30, 2007 hearing to revoke the suspension of commitment, Hellums did
not advise him of either his right to counsel or his right to appointment if he
is indigent.  The record shows that relator=s mother attempted to hire counsel to
represent him.  As demonstrated by attorney Cox=s dialogue with Hellums, relator=s mother was evidently confused about
the purpose of the proceedings.  Relator=s mother thought it was a Acriminal matter@ and did not tell Cox that a hearing
had been set for October 30.  After his mother=s unsuccessful attempt to hire
counsel, relator had Ano choice@ but to proceed pro se.  The record here does not
reflect that relator waived his right to counsel at the October 30, 2007
hearing.  See In re Ohiri, 95 S.W.3d 413, 414B15 (Tex. App.CHouston [1st Dist.] 2002, orig.
proceeding) (holding relator was entitled to habeas corpus relief where the
record did not reflect that he had not been advised of his right to counsel or
that he had waived such right).  We conclude that the order revoking the
suspension of relator=s commitment is void and sustain relator=s first issue.  

                                                 March
7, 2008 Contempt Order

In his
second issue, relator asserts that his due process rights were violated because
the March 7, 2008 contempt order was not signed until at least two days after
Hellums had orally sentenced and committed relator to jail. 

At the
conclusion of the hearing on the March 7, 2008 contempt order, Hellums
pronounced sentence, and relator was returned to jail where he was already
being held pursuant to the first contempt order of February 15, 1996.  The
first line of the March 7, 2008 contempt order recites that the hearing was
held on March 4, 2008, while the reporter=s record states that the hearing was
held on March 5, 2008.  Thus, Hellums did not sign the order until either two
or three days after orally pronouncing sentence.  








It is
well settled that a person may not be imprisoned for contempt without a written
order of commitment.  Ex parte Amaya, 748 S.W.2d 224, 224 (Tex. 1988)
(orig. proceeding) (per curiam).  To satisfy due process requirements, both a
written judgment of contempt and a written commitment order are necessary to
imprison a person for civil constructive contempt of court.  Id. at 224B25.  The trial court may cause a
contemnor to be detained by the sheriff or other officer for a short and
reasonable time while the judgment of contempt and the order of commitment are
being prepared for the judge=s signature.  Id. at 225.  Less than 24 hours to
prepare commitment order is a short and reasonable time.  In re Butler,
45 S.W.3d 268, 271 (Tex. App.CHouston [1st Dist.] 2001, orig. proceeding).  However, a two
or three-day delay is not a short and reasonable time to detain a person while
documents are being prepared for the judge=s signature.  Amaya, 748
S.W.2d at 225; see also Ex parte Jordan, 865 S.W.2d 459 (Tex. 1993) (per
curiam) (following Amaya and holding void oral commitment order
pronounced on Friday and written commitment order signed following Monday).  

Because
Hellums did not sign a written commitment order until two or three days after
orally pronouncing relator in contempt, we hold that the March 7, 2008 contempt
and commitment order is void and sustain relator=s second issue.[3] 


Accordingly, we grant relator=s petition for writ of habeas corpus, order relator
released from the bond set by this court on March 21, 2008, and order relator
discharged from custody.  

 

 

 

/s/        Adele Hedges

Chief Justice

 

Petition Granted and Memorandum
Opinion filed May 5, 2008.

Panel consists of Chief Justice
Hedges and Justices Seymore and Brown. 









[1]  The reporter=s record states the hearing
was held on March 5, 2008, while the order states it was held on March 4,
2008.  





[2] 
Section 157.163 of the Texas Family Code states:

(a) In a motion for
enforcement or motion to revoke community service, the court must first
determine whether incarceration of the respondent is a possible result of the
proceedings.

(b) If the court
determines that incarceration is a possible result of the proceedings, the
court shall inform a respondent not represented by an attorney of the right to
be represented by an attorney and, if the respondent is indigent, of the right
to the appointment of an attorney.

 

Tex. Fam. Code Ann. ' 157.163.  

 





[3]  In his third
issue, relator asserts the that March 7, 2008 contempt and commitment order is
void because it was procured in violation of relator=s due process rights which grant him a right
to a trial by jury when charged with a serious offense.  Due to the disposition
of relator=s second
issue, we need not address this issue.