# NO. 12-14-00079-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| | § | |
| *IN RE:* | | |
| | § | *ORIGINAL PROCEEDING* |
| *LELDON COOK* | | |
| | § | |

### *MEMORANDUM OPINION*

In this original habeas proceeding, Relator Leldon Cook seeks relief from an order signed on March 21, 2014, finding him in contempt of court for violation of an order signed on November 22, 2013, and ordering that he be confined in the Smith County jail for six months. The respondent is the Honorable Thomas Dunn, Judge of the County Court at Law, Smith County, Texas. The real party in interest is Tanya Colane Cook. We grant habeas corpus relief.

### BACKGROUND

This case involves a suit for divorce filed by Tanya on May 30, 2013. Leldon answered and filed a cross claim on June 14, 2013. On September 4, 2013, Tanya filed a Motion for Additional Temporary Orders. The trial court signed these additional temporary orders on November 22, 2013.

On February 5, 2014, Tanya filed a Motion for Enforcement of Additional Temporary Orders alleging that Leldon had violated the additional temporary orders by failing to make spousal maintenance payments. Leldon responded. On March 18, 2014, the trial court conducted a hearing on Tanya's motion. At the conclusion of the hearing, the trial court ordered that Leldon be taken into custody. Later that evening, Leldon was confined in the Smith County jail. On March 21, 2014, the trial court signed an Order on Motion for Enforcement of Additional Temporary Orders, in which it found Leldon to be in contempt of court and ordered that he be

confined in the Smith County jail for six months.  Leldon filed this original habeas proceeding as well as a motion for temporary relief, which was granted.[1]

## AVAILABILITY OF HABEAS CORPUS

Habeas corpus is available to review a contempt order entered by a lower court confining a contemnor.  *Ex parte Gordon*, 584 S.W.2d 686, 687–88 (Tex.1979) (orig. proceeding); *In re Byrom*, 316 S.W.3d 787, 790 (Tex. App.–Tyler 2010, orig. proceeding).  An original habeas proceeding is a collateral attack on a contempt judgment.  *Ex parte Rohleder*, 424 S.W.2d 891, 892 (Tex. 1967) (orig. proceeding); *In re Ragland*, 973 S.W.2d 769, 771 (Tex. App.–Tyler 1998, orig. proceeding).  Its purpose is not to determine the ultimate guilt or innocence of the relator, but only to ascertain whether the relator has been unlawfully confined. *Ex parte Gordon*, 584 S.W.2d at 688.

A court will issue a writ of habeas corpus if the order underlying the contempt is void or if the contempt order itself is void.  *In re Byrom*, 316 S.W.3d at 791; *see Ex parte Shaffer*, 649 S.W.2d 300, 301–02 (Tex. 1983) (orig. proceeding); *Ex parte Gordon*, 584 S.W.2d at 688.  A contempt order is void if it deprives the relator of liberty without due process of law or if it was beyond the power of the court to issue.  *See In re Coppock*, 277 S.W.3d 417, 418 (Tex. 2009) (orig. proceeding).  The relator bears the burden of showing that the contempt order is void and not merely voidable.  *In re Munks*, 263 S.W.3d 270, 272–73 (Tex. App.–Houston [1st Dist.] 2007, orig. proceeding).  Until the relator has discharged his burden, the contempt order is presumed valid. *In re Parr*, 199 S.W.3d 457, 460 (Tex. App.–Houston [1st Dist.] 2006, orig. proceeding).

**Failure to Sign Civil Contempt Order Within a Short and Reasonable Time**

In his first issue, Leldon argues that the trial court's contempt order is void because it was not signed until three days after he was taken into custody.  A person may not be imprisoned for contempt without a written order of commitment.  *Ex parte Cavillo Amaya*, 748 S.W.2d 224, 224 (Tex. 1988) (orig. proceeding).  A trial court has no authority to verbally order a person confined for contemptuous acts committed outside the presence of the court and, thereafter, unduly delay signing a contempt judgment and commitment order.  *Id.* (citing *Ex parte Spencer*, 508 S.W.2d 698, 699 (Tex. Civ. App.–Texarkana 1974, orig. proceeding)).  In order to satisfy due process

---

[1] On March 28, 2014, we ordered that Leldon be released from confinement in the Smith County jail upon posting of a $500 cash bond pending final resolution of his petition for writ of habeas corpus.

requirements, both a written judgment of contempt and a written commitment order are necessary to imprison a person for civil constructive contempt of court. *See **Ex parte Cavillo Amaya***, 748 S.W.2d at 224–25 (citing ***Ex parte Puckitt***, 322 S.W.2d 597 (Tex. 1959) (orig. proceeding); ***Ex parte Barnett***, 600 S.W.2d 252, 256 (Tex.1980) (orig. proceeding)). An arrest without a written commitment order made for the purpose of enforcing a contempt judgment is an illegal restraint from which the prisoner is entitled to be relieved. ***Ex parte Cavillo Amaya***, 748 S.W.2d at 225; ***Ex parte Puckitt***, 322 S.W.2d at 597. However, the trial court may cause a contemnor to be detained by the sheriff or other officer for a short and reasonable time while the judgment of contempt and the order of commitment are being prepared for the judge's signature. ***Ex parte Cavillo Amaya***, 748 S.W.2d at 225.

In ***Ex parte Cavillo Amaya***, the court considered the issue of what constituted a "reasonable time" for a contemnor to be detained while the judgment of contempt and the order of commitment are being prepared for the judge's signature. *See **id.*** at 224–25. Ultimately, the supreme court held that "a three day delay is not a 'short and reasonable time' while documents are being prepared for signature" and is a violation of due process. ***Id.*** at 225.

In the instant case, based on our review of the record, we likewise hold that the three day delay from the time Leldon was taken into custody until the trial court signed its Order on Motion for Enforcement of Additional Temporary Orders was not a "short and reasonable time" while documents are being prepared for signature and is a violation of Leldon's due process rights. *See **id.*** Accordingly, we hold that the contempt order is void. *See **In re Coppock***, 277 S.W.3d at 418.[2]

## DISPOSITION

Because we have held that the contempt order is void, we ***grant*** Leldon's petition for writ of habeas corpus, ***order*** him released from the bond set by this court on March 28, 2014, and ***order*** him discharged from custody.

**BRIAN HOYLE**
Justice

Opinion delivered June 25, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

---

[2] Because our resolution of this issue is dispositive of Leldon's petition, we do not consider his remaining five issues. *See* TEX. R. APP. P. 47.1.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 25, 2014**

**NO. 12-14-00079-CV**

**LELDON COOK,**
Relator
V.
**HON. THOMAS A. DUNN,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of habeas corpus filed by **LELDON COOK**, who is the defendant in Cause No. 13-1387-E, styled "In the Matter of the Marriage of Tanya Colane Cook and Leldon Cook," pending on the docket of the County Court at Law of Smith County, Texas. Said petition for writ of habeas corpus having been filed herein on March 27, 2014, and the same having been duly considered, because it is the opinion of this Court that the writ of habeas corpus is meritorious and we have held that the trial court's contempt order in its Order on Motion for Enforcement of Additional Temporary Orders dated March 21, 2014, is void, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of habeas corpus be, and the same is, hereby **granted**, and defendant is ordered released from the bond set by this court on March 28, 2014, and shall be discharged from custody.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*