

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00406-CV

IN RE ROBERT RUIZ GUITIERREZ, RELATOR

OPINION ON ORIGINAL PROCEEDING FOR WRIT OF HABEAS CORPUS

December 5, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Relator Robert Ruiz Guitierrez files this original proceeding for writ of habeas corpus and contends that the twelve days between the time the trial court orally committed him to the Lynn County Jail in Tahoka, Texas, and actually signed a written decree ordering his commitment violated his due process rights. We agree and grant the writ for habeas relief.

According to the record, a hearing was held on May 30, 2014. At the hearing, Guitierrez was found to be in contempt, and on that same day, the trial court directed him to "be jailed in the Lynn County jail until he posts a $70,000.00 cash bond." The written order manifesting that oral pronouncement was signed on June 11, 2014, that is, approximately twelve days after Gutierrez was jailed.

A person may not be imprisoned for contempt occurring outside the trial court's presence without a written order of commitment. *Ex parte Amaya,* 748 S.W.2d 224, 224 (Tex. 1988) (orig. proceeding); *In re Brown*, 114 S.W.3d 7, 9 (Tex. App.—Amarillo 2003, orig. proceeding). Nonetheless, a contemnor may be detained for a short, reasonable time via an oral directive while the written judgment of contempt and order of commitment are prepared and executed. *Ex parte Amaya*, 748 S.W.2d at 225*.* However, our Supreme Court has held that a two or three day delay between commitment under a verbal command and execution of the requisite documents was not such a short and reasonable time. *Id*. This court has held that a four day delay was too long. *Ex parte Morgan*, 886 S.W.2d 829, 832 (Tex. App.—Amarillo 1994, orig. proceeding).

Guitierrez was not found in contempt for an act occurring in the trial court's presence. Thus, the trial court could not jail him for more than a short, reasonable period of time without a written order or judgment. The delay between the verbal directive and written decree at bar exceeded the periods found excessive and unreasonable in both *Amaya* and *Morgan*. Thus, Guitierrez' detention violated due process, which violation rendered the judgment and order of commitment void. *Ex parte Morgan*, *supra*.

Accordingly, we grant the petition for writ of habeas corpus and order Robert Ruiz Guitierrez discharged from confinement.

Brian Quinn
Chief Justice

2