

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

No. 07-22-00079-CV

IN RE ELIJAH STEWART, RELATOR

ORIGINAL PROCEEDING ON PETITION FOR WRIT OF HABEAS CORPUS

April 27, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Relator Elijah Stewart filed a petition for writ of habeas corpus challenging an order of the Lubbock County Court at Law No. 1. The latter held him in contempt. Stewart urges four grounds to void the contempt order. We find the first dispositive and grant the writ.

Stewart allegedly removed his two children from Lubbock, Texas, in violation of the geographic restriction in a custody order. The trial court ordered their return on the behest of their grandmother, Lexy. The latter also moved to hold Stewart in contempt for violating the custody order. The trial court heard the motion. It executed a written order on September 16, 2021, entitled "Order of Enforcement by Contempt and Suspension of

Commitment for Possession or Access." Therein, it (1) found Stewart violated the earlier custody order nine separate times, (2) held him in contempt for each violation, (3) ordered each instance of contempt to be punished by his serving a separate forty-five-day jail term, (4) ordered him committed to the local county jail "for a period of 45 days for each separate violation," (5) ordered that the commitment be suspended for two years, (6) appended conditions to suspension of Stewart's commitment, (7) obligated him to "[s]erve 5 days of jail time" as one such condition, and (8) stated "this Order of contempt is suspended pending the outcome of . . . Stewart's Writ of Habeas Corpus, by order of the court granted August 31, 2021." The August 31st order read, in pertinent part: "It is Ordered that . . . the Order of Contempt is suspended, and the Court sets bond at $2,500."

Stewart posted the $2,500 bond mentioned in the August 31st order and petitioned for a writ of habeas corpus. The trial court never executed a written order directing the sheriff or anyone else to seize and commit Stewart to jail, though. The absence of the latter underlies the first issue before us. Stewart asks if that circumstance renders his custody illegal and entitles him to the requested writ. We answer, yes.

When considering whether to issue a writ of habeas corpus, ours is not to determine the ultimate guilt or innocence of the contemnor. *In re Kuster*, 363 S.W.3d 287, 291 (Tex. App.—Amarillo 2012, orig. proceeding). Rather, we assess the lawfulness of his confinement. *Id.* Furthermore, confinement is unlawful if the contempt order is void, which it is when the trial court denied due process to the relator. *In re Henry*, 154 S.W.3d 594, 596 (Tex. 2005) (per curiam) (orig. proceeding); *In re Kuster*, 363 S.W.3d at 291.

2

Next, the right to due process obligates the trial court to execute both written contempt and written commitment orders before imprisoning someone. *Ex parte Barnett*, 600 S.W.2d 252, 256 (Tex. 1980) (orig. proceeding); *In re Cook*, No. 07-18-00348-CV, 2018 Tex. App. LEXIS 8873, at *3 (Tex. App.—Amarillo Oct. 30, 2018, orig. proceeding) (mem. op.). Execution of those written documents need not be immediate. Indeed, a trial court may orally direct a sheriff to detain someone. *Id.* Yet, the delay in executing **both** the written judgment of contempt and commitment order must not be undue. *In re Guitierrez*, No. 07-14-00406-CV, 2014 Tex. App. LEXIS 13049, at *1–2 (Tex. App.—Amarillo Dec. 5, 2014, orig. proceeding) (mem. op.); *Ex parte Morgan*, 886 S.W.2d 829, 831–32 (Tex. App.—Amarillo 1994, orig. proceeding). It may last for no more than a short, reasonable period. *In re Cook,* 2018 Tex. App. LEXIS 8873, at *3; *In re Guitierrez*, 2014 Tex. App. LEXIS 13049, at *1–2. No bright line demarcates what constitutes such a time period. Nevertheless, under twenty-four hours has been found acceptable, *see Ex parte Morrow*, No. 06-02-00082-CV, 2002 Tex. App. LEXIS 4257, at *5 (Tex. App.—Texarkana June 13, 2002, orig. proceeding) (mem. op.), while two or more days has not. *See In re Guitierrez,* 2014 Tex. App. LEXIS 13049, at *2.

Apparently, the trial court found Stewart in contempt sometime before September 1, 2021. The August 31st order suspending the "contempt order" and allowing him to avoid confinement by posting a $2,500 bond establishes as much. Indeed, to suggest otherwise would be to suggest that the trial court obligated Stewart to post a bond to avoid confinement under, and suspend the operation of, a nonexistent order. We opt not to infer that a trial court would engage in such frivolity.

3

Next, not until September 16, 2021, did the trial court memorialize its decision in writing; that was the date on which it signed the written contempt order. And, to date, we have no written commitment order, as acknowledged by all involved.

Needless to say, the delay alone in executing the written judgment of contempt far exceeded the unacceptable periods mentioned above. And, as for the continuing absence of a written commitment order, temporarily suspending enforcement of the contempt order and provisions therein mandating Stewart's commitment do not relieve the court of its obligation to issue it. Suspension occurred on the condition that Stewart post bond. Obligating the contemnor to post bond to avoid commitment remains a restraint on liberty. *See Ex parte Williams*, 690 S.W.2d 243, 244 (Tex. 1985) (orig. proceeding) (acknowledging that "one may be in custody for habeas corpus purposes despite the fact that such person has been released from jail on bail or personal bond"). "It is not necessary that the person be actually confined in jail" for habeas relief to issue. *In re Hightower*, 531 S.W.3d 884, 887 (Tex. App.—Texarkana 2017, orig. proceeding). In circumstances like those here, the trial court not only found acts to be contemptuous but also ordered the one who performed them to be committed. Actual commitment may be temporarily stayed but only because the contemnor posted a bond as a condition precedent to same and the suspension of the contempt order. So, we reject grandmother's contention about the unnecessity of a written commitment order.

We conclude that both the initial delay in issuing the written contempt judgment and the continuing absence of a written commitment order evince a denial of due process that voids the September 16, 2021 "Order of Enforcement by Contempt and Suspension of Commitment for Possession or Access." *See Ex parte Morgan*, 886 S.W.2d at 832

4

(holding that the four-day delay in executing the written contempt judgment violated due process "thereby voiding the judgment"). Thus, we declare the order void, find Stewart's restraint unlawful, grant his petition for writ of habeas corpus, order him discharged from custody, terminate the condition that he post bond, and discharge any sureties on that bond.

Brian Quinn
Chief Justice