

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-26-00334-CV

———————————————————

IN RE BRADLEY WELSH, Relator

---

Original Proceeding
477th District Court of Denton County, Texas
Trial Court No. 21-2891-16

---

Before Kerr, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

The trial court orally found Relator Bradley Welsh in contempt for not paying child support and orally ordered him confined in the county jail for sixty days but waited more than a month to sign a written contempt and commitment order. After the trial court signed the order, Welsh filed this petition for writ of habeas corpus. We grant Welsh habeas relief.

## I. Background

The Real Party in Interest Edith Orozco filed a motion to enforce child support that the trial court heard on April 8, 2026. After hearing the evidence, the trial court found Welsh in contempt, ordered him confined in the Denton County jail for sixty days, and requested additional "testimony" regarding work release. The proceedings ended shortly after the court made its ruling.

Thereafter, on May 14, 2026, the trial court signed an "Order of Confinement and Work Release." The order concluded, "Judicially PRONOUNCED AND RENDERED in open court on April 8, 2026, and May 7, 2026, further noted on the court's docket sheet on the same date, but signed 5/14/2025."[1]

---

[1]The trial court set a separate Zoom hearing for entry of the enforcement order on May 7, 2026. Welsh filed a motion to reconsider the order enforcing child support on April 30, 2026, that was also heard via Zoom on May 7, 2026.

As required by the order, Welsh spent the weekend of May 15 through May 18, 2026, in jail.[2] He filed this petition for writ of habeas corpus on May 22, 2026.

## II. Discussion

### A. Legal principles

A contempt order is void if it is beyond the court's power or violates due process. *In re Office of Atty. Gen.*, 422 S.W.3d 623, 628 (Tex. 2013) (orig. proceeding). A trial court has no authority to orally order a person confined for contempt and, thereafter, unduly delay signing a contempt judgment and commitment order. *Ex parte Calvillo Amaya*, 748 S.W.2d 224, 224 (Tex. 1988) (orig. proceeding). In *Calvillo Amaya*, the court orally found the relator in contempt and ordered him committed, *id.*, released the relator on bail for the weekend, *id.* at 225 (Culver, J., concurring), and signed the contempt and commitment order the following Monday, *id.* at 224.

The supreme court concluded that the three-day delay violated due process and ordered the relator discharged. *Id.* at 225. The supreme court explained that a court may cause a contemnor to be detained by the sheriff or other officer for a short and reasonable time while the judgment of contempt and the order of commitment are being prepared for the judge's signature. *Id.* But the supreme court held that the three-day delay in *Calvillo Amaya* was not a "short and reasonable time." *Id.*

---

[2]The order required Welsh to report to the Denton County jail every Friday evening from May 15, 2026, through August 21, 2026, where he was to remain incarcerated until each of the following Monday mornings.

**B. Application**

Here, on April 8, 2026, the trial court found Welsh in contempt, ordered him confined, and requested additional "testimony" regarding work release. The record places the request for "testimony" in context. By this point, both parties had rested and closed. During arguments, Orozco requested that Welsh be placed on work release, and Welsh mirrored that request when he asked "that he be allowed to work." Consequently, when the trial court asked for more "testimony," contextually it was asking Orozco what language she wanted in the order that would provide for work release. The hearing was over. What remained was the drafting of the order—presumably by Orozco as the prevailing party—and the trial court's signing the order. But the trial court did not sign an order of contempt and commitment until May 14, 2025—thirty-six days later. This delay violated Welsh's due-process rights. *See id.*

In her response to the habeas petition, Orozco argues that Welsh was responsible for the delay and that he was effectively complaining about invited error. *See In re Richardson*, 528 S.W.3d 155, 166 (Tex. App.—El Paso 2017, orig. proceeding). We disagree. The trial court found Welsh in contempt and ordered him confined on April 8, 2026. Orozco does not point to anything that Welsh did on April 8, 2026, or a "short and reasonable time" after April 8, 2026, that prevented her from drafting the contempt and commitment order or that prevented the trial court from signing it. To the contrary, Orozco's response shows that the delay was attributable to the trial court, which set a separate date for the specific purpose of entering the contempt and

4

commitment order—May 7, 2026. According to *Calvillo Amaya*, even an order signed on May 7, 2026, would have violated Welsh's due-process rights. *See* 748 S.W.2d at 225.

### III.  Conclusion

Because the May 14, 2026 order violates Welsh's due-process rights, we grant his petition for writ of habeas corpus, vacate the May 14, 2026 order, and discharge him of any duty to report to the Denton County jail as set out in the May 14, 2026 order.[3]

/s/Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  June 3, 2026

---

[3]We do not know what Welsh's custodial status is as of the date of this memorandum opinion. If he is currently in the custody of the Denton County Sheriff, we order him unconditionally released.