**Ex parte Otis GLOSSON.**

**No. B14–85–707–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 12, 1985.

James S. Kelly, Houston, for appellant.
Paul B. Miller, Jr., Houston, for appellee.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

PAUL PRESSLER, Justice.

Petitioner and respondent were divorced on May 20, 1982. The judgment ordered petitioner to pay respondent $200.00 per month for child support through the Probation Department. Respondent filed a motion for contempt for failure to comply. The trial court found petitioner in contempt

for failing to pay support of $7,200.00 and sentenced him to six months in jail. He was further ordered to remain in jail until he paid such arrearage, costs and attorney fees.

■ Petitioner bases his request for a writ on seven points. The first three allege a denial of due process for failure of the motion and the show cause order to allege sufficient facts or information to give him notice of the act of contempt with which he was charged.

In *Ex Parte Edgerly*, 441 S.W.2d 514 (Tex.1969) the Supreme Court held that an accused has received proper notice when the show cause order or other means of notification states when, how and by what means he has been guilty of contempt. Here both the pleadings and the show cause order informed petitioner of the terms of the order alleged to have been disobeyed, the times at which they were disobeyed and the amount of the arrearage. Clearly, they gave sufficient notice. *See Ex Parte Barnett*, 594 S.W.2d 805 (Tex. Civ.App.—Dallas 1980), rev'd on other grounds, 600 S.W.2d 252 (Tex.1980). Points of error one, two and three are overruled.

In his fourth point of error, petitioner contends that the lower court went beyond relator's pleadings by questioning him with reference to how and where the child support payments were to be made. He argues that he never received notice of this issue. The respondent's pleadings stated:

Heretofore on May 20, 1982, in the above entitled and numbered cause this Court entered its order.... ordering respondent to pay relator the sum of $200.00 per month ... *through the Support Division of the Harris County Probation Department, Houston, Texas* ... (emphasis added).

Clearly the emphasized portion of the pleadings gave petitioner notice. The method of payment was also included in the show cause order. Point of error four is overruled.

■ In his fifth point of error, petitioner contends that although he was found guilty of contempt on two counts, he received one punishment, and, therefore, was denied due process because the court's order did not specify to which violation the punishment related. The court's order stated that petitioner was ordered to pay child support through the Probation Department, and then found him in contempt "in that he has failed and refused to pay child support as heretofore ordered in the amount of $7,200.00" It is unclear whether petitioner was found in contempt on two counts (i.e. refusing to pay support and failing to pay through the Probation Department) or one count. However, even if the court found petitioner guilty of two counts and failed to specify the punishment for each violation separately, he still has not been denied due process.

The rule in such a situation is set out in *Ex Parte Stanford*, 557 S.W.2d 346 (Tex. Civ.App.—Houston [1st Dist.] 1977, no writ) where the court stated:

"Where one penalty is affixed for more than one act of contempt, *and it is found that the relator could not be held in contempt for one of the acts*, the whole judgment is tainted and is void, and a person held under it is illegally restrained of his liberty." (emphasis added).

Here the petitioner recieved sufficient notice of both acts of contempt. Since he could have been held in contempt for either or both acts, the court's action did not deprive him of due process. The fifth point of error is overruled.

■ In his sixth point, petitioner asserts that he lacked the ability to pay the arrearage. The burden is upon the petitioner to establish conclusively his inability to obey the order of the court. *Ex Parte Englutt*, 619 S.W.2d 279 (Tex.Civ.App.— Texarkana 1981, no writ). This burden can be fulfilled by proof that the petitioner:

1. lacks sufficient personal or real property which could be sold or mortgaged to raise the needed sum; and

2. has unsuccessfully attempted to borrow the sum from financial institutions such as banks, credit unions, and loan companies; and

3. knows of no other source, including relatives, from whom the sum could be borrowed or otherwise secured.

*See Ex Parte Raymer,* 644 S.W.2d 889 (Tex.App.—Amarillo 1982, no writ). Since the record does not contain a statement of facts, we are unable to determine whether petitioner lacked the ability to pay the arrearage. The sixth point of error is overruled.

In his seventh point of error, petitioner argues that the trial court violated Tex.Rev.Civ.Stat.Ann. art. 1911a by ordering him confined for six months and thereafter until he performed certain acts. The court was authorized to sentence petitioner to confinement for six months. A court also has the power to confine a party for contempt until he obeys the order for which he has been held in contempt for disobeying. *Ex Parte Proctor,* 398 S.W.2d 917 (Tex.1966). Petitioner has not been sentenced to more than six months. If he does serve more than six months, it is by his own choice. Point of error seven is overruled.

The petition for writ of habeas corpus is denied.