Ex parte Weldon Ray
**HAYNIE, Relator.**

No. C14–90–00129–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

July 12, 1990.

John J. Knoff, Houston, for relator.

Gregory L. Donnell, Angleton, for respondent.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

CANNON, Justice.

Relator was committed to the Brazoria County Jail on January 5, 1990 for delinquent child support. We granted the relator leave to file his petition for writ of habeas corpus and set bond at $500. Relator contends that the trial court committed him to jail under a void order, as the order was ambiguous and did not state the dates for which Relator was found guilty of contempt. We reluctantly grant the writ.

The relator was divorced from Shirley Adair Haynie on June 3, 1981. In the divorce decree, the relator was ordered to pay child support in the amount of $300 per month until the youngest of his three children reached eighteen. The payments were to be made in two installments of $150 on the fifth and twentieth of each month beginning in June of 1981. On March 23, 1988, Shirley Adair Haynie filed a motion for contempt in which she alleged that the relator had failed to make any of the payments and was in arrears in the amount of $24,300. The motion further stated that the relator also owed a total of $84 to the Brazoria County Child Support Office in service fees for the seven years he had not been paying child support as ordered.

On May 2, 1988, a hearing was held on the motion, and the court signed an "Order Holding Respondent in Contempt for Failure to Pay Child Support and for Suspension of Commitment". That order reflects that the movant and the relator appeared in person and by their respective attorneys, and that the court heard the evidence and considered the pleadings and argument of counsel. The court found that the relator was in arrears in the amount of $15,000, without designating which of the one hundred and sixty two payments were found to be delinquent. The contempt punishment was assessed at 15 days confine-ment in the Brazoria County Jail and the relator was ordered to pay $15,000 to the movant through the Brazoria County Child Support Office. He was also ordered to pay $66 as costs of the proceeding and $125 to the movant's attorney, in addition to the $84 owed in past due service fees. We agree that this order of commitment would not satisfy the requirements of TEX.FAM. CODE ANN. § 14.33(a) as it does not meet the requisite of specifying the time, date, and place of each occasion on which the relator failed to pay child support. *Ex parte Holland*, 790 S.W.2d 568 (Tex.1990).

The attorneys preparing these orders should follow § 14.33(a) and *put in the order itself the specific time, date, and place of each occurrence for which they seek to hold the respondent in contempt.* Time and again this court has been forced to grant writs of habeas corpus for relators who have blatantly refused to comply with court orders to pay child support because they know the orders are unenforceable under the Family Code. It does appear from the face of the order that this adjudication was not intended to constitute the *enforcement order* under which the relator was confined, as the court suspended commitment. All this order accomplished was to specify the total amount that the court found the relator in arrears and suspend enforcement pursuant to the conditions set out in the "Suspension of Commitment", which provided:

That Respondent pay $15,000.00 in arrearages to date in cash or by money order to Movant, through the Brazoria County Child Support Office, P.O. Box 1636, Angleton, Texas 77515, as follows: (A) Respondent shall pay $7,500.00 on or before January 1, 1990. In the event Respondent pays $7,500.00 on or before January 01, 1990, the *parties have agreed and the Court finds* that said payment will discharge the arrearage balance through today's date in the amount of $15,000.00. (emphasis added). (B) In the event Respondent does not pay $7,500.00 in cash or by money order through the Brazoria County Child Support Office on or before 5:00 P.M. on

January 01, 1990, the entire arrearage amount of $15,000.00 through today's date shall be due and payable on or before 5:00 P.M. on January 02, 1990.

The remainder of the "Suspension of Commitment" provided the conditions for the payment of costs as follows:

That Respondent pay $66.00, assessed herein as costs, to the Brazoria County Child Support Office, P.O. Box 1636, Angleton, Texas 77515, by 5:00 o'clock p.m. on the 20th day of July, 1988.

That Respondent pay $125.00, assessed herein as costs, to the attorney appointed for Movant, through the Brazoria County Child Support Office, P.O. Box 1636, Angleton, Texas 77515, by 5:00 o'clock p.m. on the 20th day of July, 1988.

That Respondent pay $84.00 as past due Service Fees to the Brazoria County Child Support Office, P.O. Box 1636, Angleton, Texas 77515, by 5:00 o'clock p.m. on the 15th day of July, 1988.

We find that the above terms would have been sufficiently specific to confine the relator for failing to pay the $7,500 on January 1, 1990 as he agreed, or the $15,000 on January 2, 1990 after failing to pay on the first, and for failing to pay the ordered costs. We recognize that the adjudication did not list each and every occurrence of failure to pay according to the original decree. However, those failures were not the ones for which the trial court threatened confinement for contempt.

In the compliance hearing on January 3, 1990, the court found that the relator had failed to comply with any of the terms and conditions as set out in the Order. Ironically, the relator was ordered confined for failing to live up to that for which he had bargained, that being the portion of the order which stated that he _agreed_ that the payment of $7,500 by January 1, 1990 would totally discharge the $15,000 owed in delinquent child support. He was also found in contempt for failing to make the $15,000 payment on January 2 and for failing to pay the costs as ordered.

Specifically, the "Order Revoking Suspension and for Commitment to County Jail" found that in addition to reneging on his agreement to pay either $7,500 on January 1 or $15,000 on January 2, the relator failed to a pay the $125 to the movant's appointed attorney by the time and in the manner set out explicitly in the order, he failed to pay the $66 costs as ordered, and he failed to pay the $84 in service fees as ordered. The court further found that the arrearages now totaled $18,295 and entered judgment in favor of the movant for that amount. He was ordered confined until he paid $18,295 in child support, and additional amounts in fees and costs, some which were previously ordered and some which were freshly accrued. The court revoked the prior suspension of commitment and ordered the relator confined until purged. By including the additional delinquent child support in a lump sum of $3,295, the enforcement order again fails to contain the _specific time, date, and place of each occurrence of failure to pay court ordered child support for which the enforcement is sought._

TEX.FAM.CODE ANN. § 14.33(a) provides: An enforcement order shall contain findings setting out in ordinary and concise language the provisions of the final order, decree, or judgment for which enforcement was sought, the acts or omissions that are the subject of the order, the manner of noncompliance, and the relief awarded by the court. _If the order imposes incarceration or a fine, an enforcement order must contain findings setting out specifically and with particularity or incorporating by reference the provisions of the final order, decree, or judgment for which enforcement was sought and the time, date, and place of each occasion on which the respondent failed to comply with the provision and setting out the relief awarded by the court._

Each of the cases cited by the relator, _Ex parte Bahmani,_ 760 S.W.2d 769 (Tex.App. —Houston [14th Dist.] 1988, no writ), _Ex parte Sinclair,_ 746 S.W.2d 956 (Tex.App.— Houston [14th Dist.] 1988, no writ), and _Ex parte Boykins,_ 764 S.W.2d 590 (Tex.App.— Houston [14th Dist.] 1989, no writ), contain situations of the relator admitting delin-

quency in support payments as the relator in the instant case did by virtue of the agreed order to pay $7,500 by a certain date in satisfaction of the total amount owed. Also in each case we granted habeas corpus relief because the commitment order failed to comply with § 14.33(a) *to specifically and with particularity set out the date, place, and time of each occasion of failure to comply with the child support order and the manner of noncompliance.*

■ Although habeas corpus relief must be granted in this case, we firmly believe that it is in the best interest of the children for court ordered child support to be enforceable. In this opinion, we endeavor to state the rule clearly, so that movants seeking to enforce court ordered child support are able to draft enforceable orders in compliance with § 14.33(a). Therefore, the enforcement order that imposes incarceration or fine must contain at least the following:

1. findings setting out specifically and with particularity or incorporating by reference the provisions of the final order, decree, or judgment for which enforcement is being sought,

2. the acts or omissions that are the subject of the order, or in other words, the manner of noncompliance,

3. the time, date, and place of each occasion on which the respondent failed to comply with the provision, and

4. the relief awarded by the court.

The purpose of § 14.33(a) is to protect the delinquent party from being prosecuted more than once for a particular unpaid child support payment. By following the aforementioned guidelines, both the best interests of the children, and the interests of the party responsible for making child support payments will be protected.

The relator's application for writ of habeas corpus is granted. We order that he be released from bond and discharged from custody.