Ex parte Charles Wayne
DUNCAN, Relator.

No. 08–90–00228–CV.

Court of Appeals of Texas,
El Paso.

July 18, 1990.

James A. Daross, Vinson, Reaves & Daross, El Paso, for relator.

Carter Beckworth, Office of the Atty. Gen., El Paso, for respondent.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

OPINION

FULLER, Justice.

Relator seeks a Writ of Habeas Corpus to obtain relief from both an order of contempt, resulting from his failure to pay child support payments in compliance with a court order dated July 17, 1980, and an order of commitment. The Writ is granted.

Relator's Point of Error Nos. One, Two, Three and Four assert that the order of contempt and the commitment are fatally deficient.

THE ORDER OF CONTEMPT AND COMMITMENT IS SET OUT IN THE APPENDIX.

▆ We note that the order fails to set out specifically and with particularity the provisions of the final order for which enforcement was sought. The time, date and place of each instance of non-compliance is not set out. The order does not incorporate the provisions of the order for which enforcement is sought; instead it is a "fill-in-the-blank" order in broad terms and does not specify exact dates of non-compliance. Such deficiencies invalidate the order. Tex.Fam.Code Ann. sec. 14.33(a)(Vernon Supp.1990). *Ex parte Boykins,* 764 S.W.2d 590 (Tex.App.—Houston [14th Dist.] 1989); *Ex parte Sweeney,* 628 S.W.2d 855 (Tex. App.—Fort Worth, 1982).

The order, in regard to Relator's right to purge, states "the Respondent can purge himself of the finding of contempt by doing the following." Then, the order does not specify what actions the Relator must take to purge himself of contempt; the space was left blank. The failure of the order to specify, in clear and unambiguous language, that which the imprisoned one is required to do to purge himself and escape the restraint on his liberty, invalidates the order. *Ex Parte Proctor,* 398 S.W.2d 917 (Tex.1966); *Ex parte Bagwell,* 754 S.W.2d 490 (Tex.App.—Houston [14th Dist.] 1988); *Ex parte Hernandez,* 726 S.W.2d 651 (Tex. App.—Eastland 1987).

Points of Error Nos. One, Two and Three are sustained.

Point of Error No. Four complains that the commitment order does not specifically

order the district clerk to issue a commitment. Judge Pena did fail to "check the blank", but in view of our disposition of the other points of error, we will not prolong this opinion discussing whether this was fatal or not.

■ Relator's Points of Error Nos. Five, Six and Seven assert that the contempt finding and the commitment of Relator is void because the evidence was uncontroverted that Relator does not have the ability to pay the sum ordered by the court.

Relator did testify that he had lost his job and had no new employment. We believe that the evidence sufficiently showed that Relator had exhausted his means of borrowing or raising the sum required to obtain his release from custody. *Ex parte Glosson*, 705 S.W.2d 711 (Tex.App—Houston [14th Dist.] 1985).

Points of Error Nos. Five, Six and Seven are sustained.

This case is just another example of what total frustrating and often futile efforts the trial judges of this state are daily going through in an attempt to see that fathers of children do what any honorable, sane, morale and decent parent should do after bringing innocent children into this society.

The attorney general's office successfully participated in the seeking of the contempt action against the Relator. The attorney general's office did not file a brief but did appear on the date of submission and verbally acknowledged that the contempt and commitment order prepared and signed by the trial judge was void.

## CONCLUSION

We, therefore, hold that the order of contempt and commitment by virtue of which Relator was confined is void. The Writ of Habeas Corpus is granted. We order that the Relator be discharged from restraint or confinement pursuant to that void order of contempt and commitment.

## APPENDIX

Filed 5-23 A.D. 19 90.
at 10:40 o'clock A.M.
........ Clerk, Dist. Courts
El Paso County, Texas

IN THE

~~327th~~ DISTRICT COURT ~~COUNTY COURT AT LAW NUMBER~~
OF EL PASO COUNTY, TEXAS

/s/ David S. Floyd
BY _____ DEPUTY
Number 72-950

~~In the Matter of the Marriage of~~ )
)
~~and~~ )
)
And In the Interest of _____ Minor(s) )
CARRIE M. DUNCAN, a minor

ORDER OF CONTEMPT

BE IT REMEMBERED that on ___May 23___, 19_90_, came on to be heard the Motion for Contempt filed in the above-styled and -numbered cause; and came

__X__ Petitioner/Movant in person and (with)(by) attorney of record; and

__X__ Respondent in person/and (with)(by) attorney/ and announced ready.

The Court, having read the pleadings, heard evidence and argument of counsel, is of the opinion that the following ORDERS should be entered:

_____ The Court finds that Respondent, _____, is NOT GUILTY of contempt.

__X__ The Court finds that Respondent, __CHARLES WAYNE DUNCAN__, is GUILTY of contempt in that Respondent willfully failed to comply with the Court's ORDER/JUDGMENT dated ___July 17,___, 19_80_, in that Respondent failed to pay the following amounts:

| COUNT | DUE DATE | FAILED TO PAY | COUNT | DUE DATE | FAILED TO PAY |
|-------|----------|---------------|-------|----------|---------------|
| 1-6 | 7-1-80 to 12-1-80 | 380.00 | 46-58 | 1-1-86 to 12-1-86 | $ 2,880.00 |
| 7-19 | 1-1-82 to 12-1-80 | 2,460.00 | 59-70 | 1-1-87 to 12-1-87 | 4,560.00 |
| 20-32 | 1-1-83 to 12-1-83 | 3,310.00 | 71-76 | 1-1-88 to 6-1-88 | 2,475.00 |
| 33-45 | 1-1-85 to 12-1-85 | 3,162.00 | | | |

Sub-Total = $9,312.00        Sub-Total   $9,915.00

XOR

~~Rather Respondent~~        TOTAL:  $19,227.00

LESS CREDITS:   1981 - $476.00
                1984    700.00
                Bracelet 2,100.00   3,276.00

TOTAL ARREARAGE:  $15951.00

XXX   As punishment, the Respondent, CHARLES WAYNE DUNCAN  is hereby ORDERED confined in the El Paso County Detention Facility until such time as the sum of $ 15951.00 , together with the sum of $  -0-  ,attorney's fees, and the sum of $ -0- , court costs, which amounts total $ 15951.00 , is paid.

_____   As punishment, the Respondent, _____ is hereby fined the sum of $_____ on each Count of Contempt, totalling $_____ _____; in addition, the Respondent is ORDERED confined in the El Paso County Detention Facility for a period of _____ days on each Count of Contempt, totalling _____ days, to be served by reporting to the El Paso County Detention Facility each week day at _____ o'clock___M., until _____o' clock___M. on the following day/on weekends from Friday at 6:00 o'clock P.M. until Sunday at 7:00 o'clock A.M., until the total of _____ days has been served.

XXX   The Respondent can purge (himself)(Kikkelx) of the finding of contempt by doing the following:

_____
_____
_____

_____   The District Clerk of El Paso County, Texas is hereby ORDERED to issue a Commitment pursuant to the Order of the Court.

_____   An arrearage judgment in the sum of $_____, bearing interest at _____% per annum, is granted in favor of the Movant.

SIGNED and ENTERED on _____ May 23, _____, 19 90 .

~~RECOMMENDED~~

_____          _____
~~Court Master~~                    Presiding Judge

_____          _____
~~Attorney for Movant~~             Attorney for Respondent

A TRUE COPY, I CERTIFY
EDIE RUBALCABA, Deputy Clerk
By _____
DEPUTY