**In re Jerry Wayne JOHNSON, Relator.**

No. 05–11–00290–CV.

Court of Appeals of Texas, Dallas.

March 31, 2011.

Virginia W. Patrizi, Dallas County Public Defender's Office, Dallas, TX, for Relator.

Deborah J. Pritchett, Dallas, TX, for Real Party in Interest.

Before Justices MORRIS, FRANCIS, and MYERS.

## OPINION

Opinion By Justice MORRIS.

On July 23, 2010, the trial court held relator Jerry Wayne Johnson in contempt of court for failing to comply with the child support and spousal support provisions of a temporary order rendered in this proceeding. The judge suspended the order of commitment and placed relator on community supervision. On March 7, 2011 the trial judge issued an "order holding respondent in contempt, revoking suspension and for commitment to county jail." Relator was confined in the Dallas County Jail on March 7, 2011 pursuant to the March 7 order. Relator filed in the trial court an

application for writ of habeas corpus raising various challenges to the March 7, 2011 order. On March 11, 2011, the judge signed an "amended order revoking suspension and for commitment to the county jail." The amended order is a copy of the March 7, 2011 with multiple sections crossed out by hand and other language added in handwriting. Included in the March 11, 2011 order were handwritten notations incorporating by reference the July 23, 2010 order.

The Court now has before it relator's petition for writ of habeas corpus challenging his confinement under the trial court's orders revoking the suspended commitment and ordering him confined. The Court concludes that the trial court's orders do not comply with the requirements of the Texas Family Code. Accordingly, we grant habeas corpus relief and unconditionally discharge relator from confinement under the March 7, 2011 order and the March 11, 2011 order.

 A habeas corpus proceeding is a collateral attack on a judgment of contempt. Relator has the burden to show the contempt order is void, not merely voidable, and must conclusively show his entitlement to the writ. *Id.* A contempt order is void if it is beyond the power of the court to render it or if it deprives the relator liberty without due process of law. *Id.* (citing *Ex parte Barnett,* 600 S.W.2d 252, 254 (Tex.1980) (orig. proceeding)).

 For a person to be held in contempt for violating a court decree, the decree must spell out the details of compliance in clear, specific, and unambiguous terms so that the person will readily know exactly what duties or obligations are imposed upon him. *In re Dupree,* 118 S.W.3d at 914. To sentence a person to confinement for violation of a previous court order, that order must have unequivocally commanded the party to perform the duties or obligations imposed on him. *Id.*

Although it is characterized as a revocation order, the March 7, 2011 order actually holds relator in contempt again. And relator was confined pursuant to this order. The March 11, 2011 amended order attempts to delete the March 7 contempt holding and revokes the suspension of commitment relating to the July 23, 2010 order. The March 11 order, however, does not contain an order of commitment and nothing in the record presented by either relator or real party shows a separate commitment order was signed with regard to the March 11, 2011 amended order. Additionally, between the typed, scratched out, and handwritten provisions, there are internal inconsistencies within the March 11, 2011 amended order. Finally, although the trial judge included language incorporating by reference the July 23, 2010 order, attached as Exhibit A to the March 11 order was a copy of the probation conditions from the July 23 order. Thus, we conclude the March 11, 2011 order does not comply with the requirements of the family code. *See* TEX. FAM.CODE ANN. § 157.166 (West 2008).

Because the March 11, 2011 amended order does not comply with the requirements of section 157.166 of the family code and the March 7, 2011 order is a new contempt order rather than a revocation order, we conclude the orders are void. *In re Dupree,* 118 S.W.3d 911, 914 (Tex. App.-Dallas 2003, orig. proceeding) (rev. denied). Relator makes no complaint about the July 23, 2010 order, and, therefore, we do not address it.

Accordingly, we **GRANT** relator's petition for writ of habeas corpus. We **VACATE** the March 7, 2011 "order holding respondent in contempt, revoking suspension and for commitment to county jail"

and the March 11, 2011 "amended order revoking suspension and for commitment to the county jail."

We **ORDER** relator Jerry Wayne Johnson unconditionally released and discharged from the custody of the Sheriff of Dallas County that was ordered pursuant to the March 7, 2011 "order holding respondent in contempt, revoking suspension and for commitment to county jail" and the March 11, 2011 "amended order revoking suspension and for commitment to the county jail."