**In re Brian Lindsey STOUT, Relator.**

**No. 05–12–00512–CV.**

Court of Appeals of Texas, Dallas.

May 10, 2012.

Jason L. Butscher, Butscher & Dunn, Barrett Keith Brown, Brown & Butscher, L.L.P., Sherman, TX, for Relator.

Robert T. Jarvis, Robert T. Jarvis, PC Law Firm, Sherman, TX, for Real party in Interest.

Before Justices BRIDGES, LANG, and FILLMORE.

## OPINION

Opinion by Justice LANG.

Before the Court is relator's petition for habeas corpus relating to the trial court's commitment order dated April 13, 2012. Relator raises three issues: 1) the trial court erred by not telling him he had a right to a jury trial and/or a right to remain silent; 2) the trial court failed to timely enter a written order of contempt or commitment; and 3) the trial court erred by holding relator in contempt for not performing an action he was unable to perform. We agree with relator on issue number two and therefore need not address his other issues. We grant the writ of habeas corpus, set aside the order of commitment, and order relator discharged.

■ On March 30, 2012, the trial court held a hearing on real party in interest's motion for enforcement of the parties' divorce decree. At the conclusion of that hearing, the trial judge orally declared relator to be in contempt and sentenced him to six months incarceration and a $500.00 fine with no possibility of bond. Relator was immediately taken into custody. However, a written order holding relator in contempt and ordering his commitment to county jail was not signed until two weeks later, on April 13, 2012.

■ "An arrest without a written commitment made for the purpose of enforcing a contempt judgment is an illegal restraint from which the prisoner is entitled to be relieved." *Ex parte Amaya,* 748 S.W.2d 224, 224 (Tex.1988). The Supreme Court has explained that a person may be held for a "short and reasonable" time while the judgment of contempt and order of commitment are being prepared. *Id.* However, in this case, relator was restrained for fourteen days before any order was signed. This is a violation of due process, and relator is entitled to be released from custody. *See id.* (three day delay not a "short and reasonable time"); *In re White,* No. 05–06–00318–CV, 2006 WL 1000228, at *1 (Tex.App.-Dallas Apr. 18, 2006) (declaring both oral contempt order and written commitment order void when three days elapsed between hearing and signing of order). In fact, even real party in interest acknowledges that there was a "procedural defect" in the April 13, 2012 order of contempt.

Therefore, we **GRANT** habeas corpus relief and **VACATE** the April 13, 2012, order of commitment signed by Honorable Rayburn M. Nall, Jr., presiding judge of the 59th Judicial District Court of Grayson County, Texas, in cause number FA–10–0504, styled *In the matter of the marriage of Brian Lindsey Stout and Cynthia Eileen Stout.* We **ORDER** that relator Brian Lindsey Stout be unconditionally released and discharged from the custody of the Sheriff of Grayson County pursuant to that same order of commitment.