**Writ of Habeas Corpus Granted, Opinion issued February 14, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

**No. 05-13-00065-CV**
_____

**IN RE JEFFREY CLARK, Relator**

**Original Proceeding from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-51523-97**

# OPINION

Before Justices Moseley, Francis, and Fillmore
Opinion by Justice Francis

Before the Court is relator's petition for habeas corpus relating to the trial court's January 17, 2013 docket entry and verbal order and its January 23, 2013 order of contempt and for commitment. Relator argues that the trial court failed to timely enter its written order of contempt and commitment. We agree with relator. Accordingly, we grant the writ of habeas corpus, set aside the order of contempt and commitment, and order relator discharged.

On January 17, 2013, the trial court found relator in contempt for failure to pay child support and ordered him confined to the Collin County jail for 180 days until relator purged himself of the contempt by paying arrearages, attorney's fees, and court costs. Relator was immediately taken into custody. On January 18, 2013, relator filed this petition. On January 23, 2013, six days after relator was taken into custody, the trial court entered a written order holding relator in contempt and ordering his commitment to county jail.

"An arrest without a written commitment made for the purpose of enforcing a contempt

judgment is an illegal restraint from which the prisoner is entitled to be relieved." *Ex parte Amaya*, 748 S.W.2d 224, 224 (Tex. 1988). The Supreme Court has explained that a person may be held for a "short and reasonable" time while the judgment of contempt and order of commitment are being prepared. *Id.* However, in this case, relator was restrained for six days before any order was signed. This is a violation of due process, and relator is entitled to be released from custody. *See id.* (three day delay not a "short and reasonable time"); *In re White*, No. 05-06-00318-CV, 2006 WL 1000228, at *1 (Tex. App.—Dallas Apr. 18, 2006) (declaring both oral contempt order and written commitment order void when three days elapsed between hearing and signing of order).

Therefore, we **GRANT** habeas corpus relief and **VACATE** the January 17, 2013 "docket entry and verbal order of the Honorable Ray Wheless" and the January 23, 2013 "Order Holding Respondent in Contempt for Failure to Pay Child Support, Granting Judgment, and for Commitment to County Jail" in cause number 366-51523-97, styled *In the Interest of K.T.C., A Child*. We **ORDER** that relator Jeffrey Clark be unconditionally released and discharged from the custody of the Sheriff of Collin County from the docket entry, verbal order, and judgment of contempt and order of commitment. We **DENY** relator's February 7, 2013 motion for expedited decision as moot.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

130065F.P05

−2−