**Writ of Mandamus is Conditionally Granted; Opinion Filed July 23, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-13-00558-CV**

**IN RE MICHAEL RAMBERANSINGH, Relator**

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-54515-2010**

## MEMORANDUM OPINION

Before Justices FitzGerald, Lang, and Myers
Opinion by Justice Lang

Relator filed this mandamus proceeding after the trial court ordered it to produce certain portions of its insurer's claim file. In order to obtain mandamus relief, relator must show both that the trial court has abused its discretion and that he has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). Relator has met this burden.

Relator and real party in interest are parties to a final decree of divorce entered on December 6, 2010. In March 2012, real party in interest filed a motion for enforcement of possession or access and order to appear. This motion was amended in July 2012. In November 2012, the trial court conducted a bench trial on the motion. At that trial, the court found relator in contempt for a single violation of failure to turn over the child in question for real party in interest's scheduled possession time on the weekend of November 18, 2011. On March 22, 2013, the trial court signed an Order of Enforcement by Contempt and Suspension of

Commitment. The court ordered thirty days of confinement, suspended for one year. The court also ordered that real party in interest receive an additional eighty days of possession time to compensate for the possession time she had been denied.

Relator argues, first, that it was error for the trial court to wait four months from the trial to sign the order of contempt. *See In re Clark*, 393 S.W.3d 563, 564 (Tex. App.—Dallas 2013, orig. proceeding) (noting that contempt may not be enforced without written commitment). However, relator was not imprisoned or otherwise restrained during the time between the hearing and the judge's written order. We find no abuse of discretion in the trial court's denial of relator's motion to dismiss on the ground that the order was not signed quickly enough.

Relator next claims that it was error for the trial court to find that he had withheld the child for one weekend and to order eighty days of additional possession to real party in interest as a result. We agree. The family code provides, "[a] court may order additional periods of possession of or access to a child to compensate for the denial of court-ordered possession or access. The additional periods of possession or access: (1) must be of the same type and duration of the possession or access that was denied...." TEX. FAM. CODE ANN. § 157.168 (West 2008). When a trial court finds that a parent has withheld possession, it is an abuse of that court's discretion to make an award of possession that is substantially different in duration than that which was withheld. *See Romero v. Zapien*, No. 13-07-00758-CV, 2010 WL 2543897, at *15 (Tex. App.—Corpus Christi June 24, 2010, no pet.).

Here, the trial court's order recites that relator withheld possession for one weekend; yet, the order goes on to award real party in interest an additional eighty days of possession. While real party in interest alleged multiple dates on which possession had been withheld, the trial court's order does not make any findings with respect to the dates other than the weekend of November 18, 2011. Real party in interest acknowledges, "Only one denial, November 18,

2011, a third Friday of the month and the beginning of the Thanksgiving holiday, a 9-day holiday, was specific enough to be found by the Court to be punishable by finding Michael Ramberansingh in contempt of Court." We therefore instruct the trial court to vacate its current order and render a new order that properly awards additional possession in a manner consistent with the statute.

Accordingly, we conditionally grant relator's petition for writ of mandamus. A writ will issue only in the event the trial court fails to vacate the portion of his March 22, 2013 Order of Enforcement by Contempt and Suspension of Commitment (Possession or Access) that awards real party in interest eighty additional days of possession.

/Douglas S. Lang/  
DOUGLAS S. LANG  
JUSTICE

130558F.P05