**WRIT GRANTED and Opinion Filed December 16, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00929-CV**

**IN RE STANISLAV BILDER, Relator**

**Original Proceeding from the 468th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 468-51319-2019**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Garcia
Opinion by Justice Garcia

The trial court found relator Stanislav Bilder in criminal contempt for three violations of child-support provisions in a SAPCR order. Bilder seeks habeas relief from the contempt order. The question presented is whether the contempt order adequately sets forth "the date of each occasion when [Bilder's] failure to comply with the [SAPCR] order was found to constitute criminal contempt." TEX. FAM. CODE ANN. § 157.166(b). We hold that the contempt order does not satisfy § 157.166(b) and therefore grant habeas corpus relief.

# I. BACKGROUND

## A. Trial-Court Proceedings

In December 2019, the trial judge signed an Order in Suit to Modify Parent–Child Relationship that appointed Bilder and real party in interest Olga Zedrick as joint managing conservators of one child. The order required Bilder to pay Zedrick child support of $1,400 per month on the first day of each month beginning December 1, 2019.

In March 2022, Zedrick filed a motion for enforcement of the December 2019 order. She alleged that Bilder violated the December 2019 order fifty times, and she requested that Bilder be held in criminal contempt. Pertinent to this original proceeding, Zedrick alleged that Bilder underpaid his child-support obligations for the months of January, February, and March 2020.

Bilder filed an answer, and the trial judge held an evidentiary hearing on Zedrick's motion for enforcement.

On September 19, 2022, the trial judge signed both an Order on Motion for Enforcement and for Commitment (the "Contempt Order") and an order of commitment. In the Contempt Order, the judge found Bilder in criminal contempt for three child-support violations pertinent to this original proceeding. First, the judge misquoted the child-support provision from the December 2019 order as follows (boldface omitted):

"Child Support

IT IS ORDERED that Stanislav Bilder is obligated to pay and shall pay to Olga Lesya Sytnianska Zedrick child support of [$1,400.00] per month, with the first payment being due and payable on December 1, 2019, and a like payment being due and payable on the first (1st) day of each month thereafter until the first month thereafter…["]

(Ellipsis in original.) The last word, *thereafter*, is wrong; in its place, the December 2019 order actually says "following the date of the earliest occurrence of one of the events specified below: . . . ."

The Contempt Order later recites as follows:

***Criminal Contempt Findings***

. . . .

| | |
|---|---|
| Violation 5: | For the month of January 2020, Stanislav Bilder paid $200.00, but failed to pay $1,200.00 of the $1,400.00 in child support due and owing to Olga Lesya Sytnianska Zedrick and violated the ***Order in Suit to Modify Parent-Child Relationship*** entered with the Court on December 19, 2019. |

. . . .

The Court specifically finds that Stanislav Bilder is in contempt for violation 5 enumerated above.

. . . .

| | |
|---|---|
| Violation 8: | For the month of February 2020, Stanislav Bilder paid $200.00, but failed to pay $1,200.00 of the $1,400.00 in child support due and owing to Olga Lesya Sytnianska Zedrick and violated the ***Order in Suit to Modify Parent-Child Relationship*** entered with the Court on December 19, 2019. |
| Violation 11: | For the month of March 2020, Stanislav Bilder paid $300.00 but failed to pay $1,100.00 of the $1,400.00 in |

> child support due and owing to Olga Lesya Sytnianska Zedrick and violated the ***Order in Suit to Modify Parent-Child Relationship*** entered with the Court on December 19, 2019.

> . . . .

> The Court specifically finds that Stanislav Bilder is in contempt for violations 8 and 11 enumerated above.

For violation 5, the judge ordered Bilder to be jailed for 180 days beginning September 19, 2022, and to pay a $500 fine. For violations 8 and 11, the judge ordered Bilder to be jailed for 180 days, but she suspended the sentence for ten years beginning on September 19, 2022, conditioned on Bilder's compliance with the relief granted in the Contempt Order.

The habeas record filed by Bilder includes a document entitled "Jail Records Search Detail" showing that Bilder was "Booked" on September 19, 2022.

**B.  Proceedings Before This Court**

On September 21, 2022, Bilder filed in this Court a petition for writ of habeas corpus and an emergency motion for interim relief seeking immediate discharge while Bilder awaited preparation of the reporter's record. We granted temporary relief directing that Bilder be released upon posting a $500 bond, and we requested Zedrick to file a response.

Bilder later filed a supplemental record containing the reporter's record of the enforcement hearing and an amended petition for writ of habeas corpus. Zedrick filed a response to Bilder's amended habeas petition, and Bilder filed a reply brief.

–4–

## II.  ANALYSIS

## A.  Applicable Law

### 1.  Original Habeas Corpus Proceedings

An original habeas corpus proceeding is a collateral attack on a judgment of contempt. *In re Johnson*, 337 S.W.3d 486, 488 (Tex. App.—Dallas 2011, orig. proceeding). To obtain relief, the relator must show that the contempt order is void, not merely voidable, and he must conclusively show his entitlement to the writ. *Id*. A contempt order is void if it is beyond the power of the court to render it or if it deprives the relator of liberty without due process of law. *Id*. Habeas relief is proper and will issue if a contempt order does not comply with Family Code § 157.166. *See id*. (granting habeas relief and stating, "Because the March 11, 2011 amended order does not comply with the requirements of section 157.166 of the family code and the March 7, 2011 order is a new contempt order rather than a revocation order, we conclude the orders are void.").

### 2.  The Evolution of Family Code § 157.166(b)

This proceeding turns on the current version of Family Code § 157.166(b), but some of the cases discussed below involve prior versions of that provision. Thus, we briefly review the evolution of § 157.166 to put the case discussions in context.

In 1985, the legislature adopted Family Code § 14.33 concerning the required contents of enforcement orders. It provided, in pertinent part:

> Section 14.33. ORDER OF COURT. (a) Contents. An enforcement order shall contain findings setting out specifically and

with particularity or incorporating by reference the provisions of the order, decree, or judgment for which enforcement was sought, ***and the time, date, and place of each and any occasion on which the respondent failed to comply with such provision*** . . . .

Act of May 27, 1985, 69th Leg., R.S., ch. 232, § 9, 1985 Tex. Gen. Laws 1158, 1162 (emphasis added).

We applied the 1985 version of the statute to a pair of cases involving a respondent who had been held in contempt for failing to pay child support. In one, we held that an enforcement order was void because it did not specify either (i) the provisions of the prior order that the respondent had violated or (ii) the time, date, and place of each occasion on which the respondent violated the prior order. *Ex parte Durham*, 708 S.W.2d 536, 537–38 (Tex. App.—Dallas 1986, orig. proceeding). In the other, however, we held that the omission of the place of the violation was not fatal to the contempt order because (i) the contempt order referred by date, volume, and page to the divorce decree establishing the child-support obligation and (ii) the divorce decree required the respondent to make his child-support payments through the Dallas County Child Support Office. *Ex parte Conoly*, 732 S.W.2d 695, 697 (Tex. App.—Dallas 1987, orig. proceeding). Under those facts, we concluded that the omission of the place of each of the respondent's failures to pay did not make the enforcement order so ambiguous as to be unenforceable. *Id*.

In 1987, the legislature added the word "final" before the words "order, decree, or judgment." Act of July 20, 1987, 70th Leg., 2d C.S., ch. 73, § 7, 1987 Tex. Gen. Laws 225, 229.

In 1989, the legislature substantially rewrote § 14.33(a) as follows:

> (a) Contents. An enforcement order shall contain findings setting out in ordinary and concise language the provisions of the final order, decree, or judgment for which enforcement was sought, the acts or omissions that are the subject of the order, the manner of noncompliance, and the relief awarded by the court. ***If the order imposes incarceration or a fine, an enforcement order must contain findings setting out specifically and with particularity*** or incorporating by reference the provisions of the final order, decree, or judgment for which enforcement was sought and ***the time, date, and place of each occasion on which the respondent failed to comply with the provisions*** . . . .

Act of July 16, 1989, 71st Leg., 1st C.S., ch. 25, § 27, 1989 Tex. Gen. Laws 74, 86 (emphases added).

Applying the 1989 version of the statute, the Texas Supreme Court twice granted habeas relief to a respondent who had been found in contempt for failure to pay child support because the enforcement order did not contain the required time, date, and place findings. *Ex parte Garcia*, 795 S.W.2d 740, 741 (Tex. 1990) (orig. proceeding) (per curiam); *Ex parte Holland*, 790 S.W.2d 568, 568 (Tex. 1990) (orig. proceeding) (per curiam). We also held that "[t]he punitive portion of an enforcement order that does not comply with the statutory requirements of section 14.33(a) of the Texas Family Code is void." *Ex parte Stanley*, 826 S.W.2d 772, 773 (Tex. App.—Dallas 1992, orig. proceeding) (enforcement order did not sufficiently identify prior order that was being enforced).

In 1993, the legislature struck § 14.33(a)'s requirements that the trial court find the time and place of each violation:

. . . If the order imposes incarceration or a fine, an enforcement order must contain findings setting out specifically and with particularity or incorporating by reference the provisions of the final order, decree, or judgment for which enforcement was sought and the [time,] date[, and place] of each occasion on which the respondent failed to comply with the provision . . . .

Act of May 28, 1993, 73rd Leg., R.S., ch. 798, § 13, 1993 Tex. Gen. Laws 3169, 3174 (deletions from prior version indicated).

In 1995, the legislature repealed § 14.33 and enacted § 157.166, subsection (b) of which provided as follows:

> (b) If the order imposes incarceration or a fine, an enforcement order must contain findings setting out or incorporating by reference the provisions of the order for which enforcement was requested and the date of each occasion when the respondent failed to comply with the order.

Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113, 182. Applying this version of the statute, we held that an enforcement order was void because it did not list the dates of each occasion when the respondent failed to pay child support as ordered or the amount of child support that came due on each date. *Ex parte Pina*, No. 05-97-01478-CV, 1998 WL 10222, at *1 (Tex. App.—Dallas Jan. 14, 1998, orig. proceeding) (not designated for publication).

Finally, in 1999, the legislature amended § 157.166(b), bringing it to its current form:

> (b) If the order imposes incarceration or a fine for criminal contempt, an enforcement order must contain findings identifying, setting out, or incorporating by reference the provisions of the order for which enforcement was requested and the date of each occasion when

> the respondent's failure to comply with the order was found to constitute criminal contempt.

FAM. § 157.166(b).

In Texas codes, the word *must* "creates or recognizes a condition precedent" unless the context necessarily requires a different construction or the statute itself provides a different construction. TEX. GOV'T CODE ANN. § 311.016(3). And the ordinary meaning of *date*, in this context, is the day when an event happened or will happen. *See In re Walkup*, 122 S.W.3d 215, 217 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding) (citing BLACK'S LAW DICTIONARY 400 (7th ed. 1999)); *see also Date*, THE NEW OXFORD AMERICAN DICTIONARY (2001) ("a particular day or year when a given event occurred or will occur").

Under the current version of the statute, at least one court of appeals has granted habeas relief because a contempt order did not "identify the date of any occasion when relator's failure to comply constituted criminal contempt." *Ex parte Merrikh*, 361 S.W.3d 209, 210 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding) (per curiam).

Finally, we note the legislative purpose of § 157.166(b) and its predecessors. A contempt order must contain specific findings to provide sufficient information for adequate review and to enable the contemnor to overcome the presumption of the order's validity by proof, if any is available. *Ex parte Conoly*, 732 S.W.2d at 697. Another purpose of the statute is to protect the delinquent party from being prosecuted more than once for a particular unpaid child-support payment. *Ex parte*

*Haynie*, 793 S.W.2d 317, 320 (Tex. App.—Houston [14th Dist.] 1990, orig. proceeding).

## B.    Applying the Law to the Facts

Bilder's argument is straightforward: § 157.166(b) required the trial judge to find the date, meaning the specific day of the month and year, of each occasion when Bilder failed to comply with an order, and the trial judge did not do so. Instead, the trial judge made these findings in the Contempt Order:

Violation 5:    For the month of January 2020, Stanislav Bilder paid $200.00, but failed to pay $1,200.00 of the $1,400.00 in child support due and owing to Olga Lesya Sytnianska Zedrick and violated the ***Order in Suit to Modify Parent-Child Relationship*** entered with the Court on December 19, 2019.

. . . .

Violation 8:    For the month of February 2020, Stanislav Bilder paid $200.00, but failed to pay $1,200.00 of the $1,400.00 in child support due and owing to Olga Lesya Sytnianska Zedrick and violated the ***Order in Suit to Modify Parent-Child Relationship*** entered with the Court on December 19, 2019.

Violation 11:    For the month of March 2020, Stanislav Bilder paid $300.00 but failed to pay $1,100.00 of the $1,400.00 in child support due and owing to Olga Lesya Sytnianska Zedrick and violated the ***Order in Suit to Modify Parent-Child Relationship*** entered with the Court on December 19, 2019.

Bilder argues that a contempt order from which the dates of noncompliance must be extrapolated does not satisfy § 157.166(b). Alternatively, he argues that it is impossible to reasonably extrapolate the dates of noncompliance from this Contempt

–10–

Order because (i) the Contempt Order misquotes the order being enforced and (ii) the order being enforced orders Bilder to make child-support payments on certain specified dates, not "for" any particular month.

Zedrick responds that § 157.166(b) does not require any "special formulation" for the findings of the dates of noncompliance, that the scrivener's error resulting in a misquoting of the original order does not invalidate the Contempt Order under § 157.166(b), and that the phrase "For the month of [January/February/March] 2020" does not make the Contempt Order unclear.

We agree with Bilder that the Contempt Order fails to satisfy § 157.166(b) and that he must therefore be discharged, based on the following reasoning.

First, we conclude that the statute requires the trial judge make a finding of each date, meaning the specific day, month, and year, when Bilder committed an act constituting criminal contempt. *See* FAM. § 157.166(b); *In re Walkup*, 122 S.W.3d at 217.

Second, we conclude that the Contempt Order does not contain express findings of the three dates on which Bilder committed acts constituting criminal contempt. We have quoted the relevant passages above, and they do not expressly find those dates.

Third, we assume without deciding that Zedrick is right that an order governed by § 157.166(b) passes muster if the required date findings can reasonably be inferred from the order as a whole. On the facts of this case, no such inference is

possible. As Bilder argues, the Contempt Order misquotes the December 2019 order being enforced to such an extent that a reader of the Contempt Order cannot reasonably infer the dates, if any, on which Bilder was obligated to make child-support payments. Thus, a reader of the Contempt Order also cannot reasonably infer the dates on which Bilder committed the acts constituting criminal contempt—despite the inclusion of the phrase "For the month of [January/February/March] 2020."

We have found no cases precisely on point, but one case involving reasonably similar facts is *Ex parte Duncan*, 795 S.W.2d 10 (Tex. App.—El Paso 1990, orig. proceeding). In that case, a trial judge held Duncan in contempt for failing to pay court-ordered child support. *Id*. at 10. The contempt order recited, for example, that on counts one through six, the payment due dates were "7-1-80 to 12-1-80," and Duncan failed to pay $380. *Id*. at 12. Nevertheless, the court of appeals held that the order did not "specify exact dates of non-compliance" and that those defects, among others, invalidated the contempt order. *Id*. at 10. We reach the same conclusion on the facts of this case.

Finally, we distinguish our opinion in *Ex parte Conoly*, in which we held void a contempt order that was required, under the governing statute at the time, to state the time, date, and place of every violation by the contemnor. 732 S.W.2d at 697. The contemnor argued that the order was void because it omitted the place where he was required to make his child-support payments. *Id*. We held that this omission

alone did not invalidate the contempt order because (1) the contempt order sufficiently incorporated by reference the divorce decree, which stated the single place where all the payments had to be made; (2) the motion for contempt also set out the relevant provision of the decree; and (3) there was no dispute over the place where the contemnor was required to make his payments. *Id*. In this case, however, the governing statute requires a finding of only one particular fact about Bilder's contemptuous conduct—the date—and the Contempt Order does not contain such a finding, either expressly or by reasonable implication. We consider this finding essential to accomplish the statutory purposes of enabling review of the order and preventing a contemnor from being punished twice for the same conduct. *See id*.; *Ex parte Haynie*, 793 S.W.2d at 320. Accordingly, we conclude that *Ex parte Conoly* is distinguishable and not controlling.

## C.    Conclusion

We sustain Bilder's sole issue in this original proceeding and hold that the part of the Contempt Order holding Bilder in criminal contempt is void.

### III.    RELIEF GRANTED

We grant habeas corpus relief and vacate the criminal-contempt provisions of the September 19, 2022 Order on Motion for Enforcement and for Commitment signed by Judge Lindsey Wynne of the 468th Judicial District Court of Collin County, Texas, in cause number 468-51319-2019. We order that relator Stanislav Bilder be unconditionally released and discharged from the custody of the Sheriff of

Collin County under the September 19, 2022 order. We further discharge the bond paid by relator in accordance with this Court's order of September 21, 2022.


/Dennise Garcia/
DENNISE GARCIA
JUSTICE

220929F.P05