**Writ of Habeas Corpus Granted, Opinion Filed August 29, 2023**



In The
### Court of Appeals
### Fifth District of Texas at Dallas

### No. 05-23-00506-CV

## IN RE NOREEN SALEEM, Relator

**Original Proceeding from the 469th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 469-56471-2021, 469-53822-2022**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Nowell, and Miskel
Opinion by Justice Nowell

Relator Noreen Saleem was found in contempt for violating the trial court's orders in two proceedings involving the same parties. She was arrested and jailed. After a week in jail, Saleem filed a petition for writ of habeas corpus, arguing she was being illegally detained in violation of her due-process rights because the trial court had not signed an order of commitment or contempt judgment. This Court agreed, ordered her release, and requested a response. Although the trial court subsequently signed an order of commitment and two contempt orders, these orders are void, and Saleem is entitled to relief.

FACTUAL BACKGROUND

Two cases underlie this original proceeding: a suit affecting the parent–child relationship seeking modification after a divorce (the SAPCR) (trial court cause number 469-56471-2021) and a protective-order proceeding (trial court cause number 469-53822-2022). In both cases, real party in interest Ali Gheewala is the petitioner, and Saleem is the respondent.

On September 30, 2022, the trial court signed a Final Protective Order in the protective-order proceeding as well as Temporary Orders in the SAPCR. On February 8, 2023, Gheewala filed a motion for enforcement of protective order and temporary injunctions in both cause numbers. Gheewala alleged numerous violations of the September 30 orders, and he asked the trial court to hold Saleem in contempt. The trial court's docket sheets for both cause numbers indicate the court held a "Protective Order Hearing" on May 9, 2023. Docket entries made on May 17, 2023, state: "Enf Hrg held on 5/9/23. On 5/17/23, Respondent (Noreen Saleem) found in contempt and sentenced to the Collin County Jail for 90 days to begin instanter" and "Enf Hrg held on 5/9/23. On 5/17/23, Respondent (Noreen Saleem) found in contempt and sentenced to 90 days confinement in Collin County Jail to begin instanter." Saleem was arrested on May 17, 2023.

On May 24, 2023, Saleem filed a petition for writ of habeas corpus and an emergency motion asking this Court to order her immediate release from the custody of the Sheriff of Collin County. The following day, this Court granted Saleem's

motion for emergency relief and ordered she be released from custody; we also requested a response to Saleem's petition. On the same day, May 25, 2023, the trial court signed an order of commitment containing both case styles; the order states:

**ORDER OF COMMITMENT**

Noreen Saleem IS ORDERED committed to the Collin County Jail for a period of ninety (90) days to begin on May 17, 2023. Such commitment is based on contempt findings in each of the above referenced cases.

Saleem filed a second motion for emergency relief on May 29, 2023, in which she asked this Court to vacate the trial court's May 25 Order of Commitment. The following day, this Court ordered Saleem again be released from the custody of the Sheriff of Collin County. On May 31, 2023, the trial court signed an Order Holding Respondent in Contempt in the SAPCR proceeding for violating several provisions of the September 30 order; the trial court ordered Saleem confined in the Collin County jail for 90 days for each violation. Also on May 31, the trial court signed an order holding Saleem in contempt in the protective-order case; in that order, the trial court ordered Saleem be confined in the Collin County jail for 90 days for each violation and also ordered Saleem pay attorney's fees to Gheewala's counsel.

LAW & ANALYSIS

An original habeas corpus proceeding is a collateral attack on a judgment of contempt.[1] *In re Johnson*, 337 S.W.3d 486, 488 (Tex. App.—Dallas 2011, orig. proceeding). To obtain relief, the relator must show the contempt order is void, not merely voidable, and she must conclusively show her entitlement to the writ. *Id*. A contempt order is void if it is beyond the power of the trial court to render it or if it deprives the relator of liberty without due process of law. *Id*.

To satisfy due-process requirements, both a written judgment of contempt and a written commitment order are necessary to imprison a person for constructive contempt of court. *See Ex parte Amaya*, 748 S.W.2d 224, 224–25 (Tex. 1988) (orig. proceeding); *In re Clark*, 393 S.W.3d 563, 564 (Tex. App.—Dallas 2013, orig. proceeding). An arrest without a written commitment order made for the purpose of enforcing a contempt judgment is an illegal restraint from which the prisoner is entitled to be relieved. *Ex parte Amaya*, 748 S.W.2d at 225. A docket–sheet notation is not sufficient to satisfy due-process requirements; a written order of commitment is required. *In re Griffith*, 434 S.W.3d 643, 646 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding); *see also In re Clark*, 393 S.W.3d at 564 (vacating docket entry and verbal order holding respondent in contempt when trial court failed to

---

[1] The Court has not considered and this opinion does not address whether the trial court's findings that Saleem failed to comply with its orders and is in contempt are supported by the record. The Court expresses no view about any other matter that may be pending before the trial court.

–4–

timely enter written order of contempt and commitment); *State v. Shaw*, 4 S.W.3d 875, 878 (Tex. App.—Dallas 1999, no pet.) (docket-sheet entry insufficient).

A trial court has no authority to verbally order a person confined for contemptuous acts committed outside the presence of the court and unduly delay signing a contempt judgment and commitment order. *Ex parte Amaya*, 748 S.W.2d at 224. However, a trial court may cause a contemnor to be detained by the sheriff or other officer for "a short and reasonable" time while the judgment of contempt and order of commitment are prepared for the judge's signature. *Id.*; *In re Clark*, 393 S.W.3d at 564. The Supreme Court of Texas has held that a three-day delay is not a "short and reasonable time" in this context. *Ex parte Amaya*, 748 S.W.2d at 225. Although *Amaya* involved civil contempt, courts impose the same requirements in criminal-contempt cases as well. *See, e.g., Ex parte Jordan*, 865 S.W.2d 459, 459 (Tex. 1993) (orig. proceeding) (per curiam) (civil and criminal contempt); *In re Hancock*, No. 2-06-040-CV, 2006 WL 533400, at *1 (Tex. App.—Fort Worth Mar. 6, 2006, orig. proceeding) (per curiam) (mem. op.).

In the instant case, the record reflects Saleem was arrested and jailed on May 17, 2023, for constructive criminal contempt. The trial court did not sign an order of commitment until May 25, 2023—one week later. Further, the trial court did not sign the contempt orders until May 31, 2023. Because the supreme court has held a delay of only three days in the trial court's preparation and signing of an order of commitment and written judgment of contempt is a violation of a relator's due-

process rights, we conclude the trial court's seven-day delay in signing the May 25 Order of Commitment and thirteen-day delay in signing the contempt orders violated Saleem's due-process rights. *See Ex parte Amaya*, 748 S.W.2d at 225; *In re Hamill*, No. 14-16-00574-CV, 2016 WL 4705779, at *2 (Tex. App.—Houston [14th Dist.] Sept. 8, 2016, orig. proceeding) (per curiam) (mem. op.); *In re Clark*, 393 S.W.3d at 564. Because Saleem was deprived of liberty without due process of law, the trial court's orders are void. *See In re Hamill*, 2016 WL 4705779, at *2; *see also In re Clark*, 393 S.W.3d at 564.

The May 25 Order of Commitment is void for a second reason. The May 25 Order of Commitment states that "[s]uch commitment is based on contempt findings in each of the above referenced cases." However, the trial court did not sign a contempt order making contempt findings in either case until May 31, 2023. Because no written judgment or order of contempt existed on May 25, 2023, there was no finding upon which the order of commitment could be predicated. *See Ex parte Barnett*, 600 S.W.2d 252, 256 (Tex. 1980) (orig. proceeding).

In her second emergency motion, Saleem argues the trial court lacked jurisdiction to enter its May 25 Order of Commitment after we issued our May 25, 2023 Order. When this Court ordered Saleem released on May 25, 2023, our jurisdiction over Saleem attached to the exclusion of any other court, including the committing court. *See Barnett*, 600 S.W.2d at 256–57. The trial court that commits a relator on an oral judgment may not, some days thereafter, attempt to cure its denial

–6–

of due process by entering a written judgment. *See id*. at 257. Although we cannot ascertain on this record whether we issued our May 25, 2023 Order before the trial court signed its May 25 Order of Commitment, we can ascertain that we issued our May 25, 2023 Order well before the trial court signed its May 31, 2023 contempt orders. Accordingly, we conclude the trial court had no jurisdiction to sign these contempt orders on May 31, 2023. *See id*. at 256–57.

CONCLUSION

We conclude Saleem demonstrated she was deprived of her liberty without due-process of law. The May 25 Order of Commitment and the May 31 Order Holding Respondent in Contempt for Violating Order in each case are void. *See Barnett*, 600 S.W.2d at 256–57; *In re Stout*, 367 S.W.3d 523, 524–25 (Tex. App.—Dallas 2012, orig. proceeding) (granting habeas corpus relief and vacating order of commitment signed by trial court two weeks after relator was taken into custody for contempt).

We grant Saleem's request for habeas corpus relief, vacate the May 25 Order of Commitment signed by Judge Piper McCraw of the 469th Judicial District Court of Collin County, Texas, in cause numbers 469-56471-2021 and 469-53822-2022, and vacate each May 31, 2023 Order Holding Respondent in Contempt for Violating

Order in cause numbers 469-56471-2021 and 469-53822-2022.

230506f.p05

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE